Edward V. Filardi (EVF 0184)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Four Times Square
New York, NY 10036
(212) 735-3060

Attorneys for Defendant Dennis Borysowski

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------ x
JUAN ALONSO, ABELARDO ARIAS, JAIME LOPEZ,         :   08 Civ 7813 (DAB)
RON MENIN, LUIS NARANJO, HECTOR OLVERA,           :
PEDRO ORTIZ, LEONARDO PRIETO, ARKADY              :
SHTEYNBERG,                                       :   ECF Case
VICTOR SOLIS, ALEJANDRO TORRES, LUIS XURUC,       :
and IVAN ZAPATA, on behalf of themselves and all others :
similarly situated                                :   Electronically Filed
                                                  :
                    Plaintiff,                    :
                                                  :
        - against -                               :
                                                  :
UNCLE JACK'S STEAKHOUSE, INC., UNCLE JACK'S       :
OF BAYSIDE, INC., UNCLE JACK'S STEAKHOUSE         :
FRANCHISE, INC., UNCLE JACK'S MIDTOWN, INC.,      :
WILLIAM J. DEGEL, THOMAS CARPENTER, and           :
DENNIS BOROSOWSKI                                 :
                                                  :
                    Defendant.                    :
                                                  :
                                                  :
                                                  :
                                                  :
------------------------------------------------ x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
INDIVIDUAL DEFENDANT BORYSOWSKI'S MOTION FOR
SUMMARY JUDGMENT AND DISMISSAL**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT .................................................................................................................................1

POINT I. UNDER THE APPLICABLE "ECONOMIC REALITY" TEST,
BORYSOWSKI IS NOT AN "EMPLOYER" ........................................................1

POINT II. BORYSOWSKI'S MOTION PROPERLY ARGUES THE KEY
POINTS IN SUPPORT OF HIS SUMMARY JUDGMENT MOTION ..................2

POINT III. THE ALLEGATIONS RELATING TO FALSIFICATION OF
RECORDS AND MISAPPROPRIATION OF TIPS ARE IRRELEVANT
TO BORYSOWSKI'S MOTION FOR SUMMARY JUDGMENT .......................2

CONCLUSION ..............................................................................................................................3

## PRELIMINARY STATEMENT

Plaintiffs' attempt (Opp. Memo 4-5) to sidestep the admitted standard of the applicable law only serves to reveal the inadequacy of Plaintiffs' case against Borysowski as a "statutory employer". Most telling is that, in their Opposition Brief (Opp. 5-6), Plaintiffs attempt for the very first time to equate the "power to discipline employees" with the ability to dictate and control the "economic reality" which could possibly have caused the alleged damages. It is well beyond dispute in this case that only the Defendants Degel and Carpenter pass the "economic reality" test, such that Defendant Borysowski was not, and indeed was not allowed to be, an "employer" under the law. Indeed, Borysowski was actually "fired" by Degel because Degel perceived that Borysowski failed in his "discipline" assignment. (Degel 8/4/10, p. 16-17).

Moreover, as to the unsupported, separate allegations that Borysowski "falsified records" or "misappropriated tips", these issues are irrelevant to the determination that this suit should be dismissed as a matter of law against Borysowski.

## ARGUMENT

### POINT I.
### UNDER THE APPLICABLE "ECONOMIC REALITY" TEST, BORYSOWSKI IS NOT AN "EMPLOYER"

Plaintiffs' only evidence that Borysowski's functioned as a "manager" at the corporate defendant's restaurants is that Borysowski could "discipline" employees. There is no evidence that Borysowski's title as a "manager" ever gave him the requisite power to affect the "economics" of any Plaintiff. As pointed out repeatedly in Borysowski's papers in support of this Motion. (Memo 3, 6-13). Borysowski never had the power to hire or fire, <u>on his own,</u> any employee, at any level. All decisions, including those relating to payroll, were micromanaged by Defendants Degel and Carpenter. (Borysowski dep. 15:14-13; 16:20-17:16; Filardi Aff. 4).

1

Plaintiffs cannot point to any single instance where the economics of any Plaintiff was directly (or even indirectly) affected by any action of Borysowski NOT dictated by Degel or Carpenter.

The recent case, *Lanzetta v. Florio's Enterprises, Inc.* 2011 U.S. Dist. LEXIS 7048, at *27 (S.D.N.Y. Jan. 25, 2011), which Plaintiffs' cite, only supports Borysowski's position. The Court, in *Lanzetta v. Florio's Enterprises, Inc,* found that the defendant "had the power to hire and fire employees", *Id.* at 28, which admittedly Borysowski did not have. Again, Plaintiffs' position on this issue is self contradictory as plaintiffs have repeatedly alleged that Degel and Carpenter were in control.

With regard to the relevance of the applicable test, Borysowski only set employee work schedules based upon direct commands from Defendants Degel and Carpenter and never determined the rate or method of payment of any employee. Most telling, Borysowski's only task was to funnel information about employee hours from the employees themselves to the central office where the payroll was managed and run without any further input from Borysowski. (Borysowski dep. 12:1 to 13:24).

### POINT II.
### BORYSOWSKI'S MOTION PROPERLY ARGUES THE KEY POINTS IN SUPPORT OF HIS SUMMARY JUDGMENT MOTION

Borysowski's motion memorandum of law plainly argues the relevant facts and law. See Memo 4-13.

### POINT III.
### THE ALLEGATIONS RELATING TO FALSIFICATION OF RECORDS AND MISAPPROPRIATION OF TIPS ARE IRRELEVANT TO BORYSOWSKI'S MOTION FOR SUMMARY JUDGMENT

There is no evidence that Borysowski ever falsified any records or misappropriated any tips of any Plaintiffs. But, most significantly, Plaintiffs' admit that "Borysowski's individual liability is predicated on his status as an 'employer', not any particular

2

act of falsification." (Opp. 16) Plaintiffs are correct in this view and cannot argue the relevance of either the falsification allegation or the misappropriation allegation to this Motion.

## CONCLUSION

The Court should grant the Defendant Borysowski's motion for summary judgment dismissing him from liability in this case.

Dated: New York, New York  
       February 28, 2011

Respectfully submitted,

Edward V. Filardi (EVF 0184)  
SKADDEN, ARPS, SLATE,  
  MEAGHER & FLOM LLP  
Four Times Square  
New York, New York  10036  
(212) 735-3060  
Attorneys for Defendant  
Dennis Borysowski  
Edward.Filardi@skadden.com

3