```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
JUAN ALONSO et al., on behalf of
themselves and others similarly
situated,

                Plaintiffs,

       -against-                          08 Civ. 7813 (DAB)
                                          MEMORANDUM & ORDER
UNCLE JACK'S STEAKHOUSE, INC., et al.

                Defendants.
------------------------------------X
```

DEBORAH A. BATTS, United States District Judge

In this action, originally filed on September 5, 2008, Plaintiffs allege that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and the New York Labor Law ("NYLL"). Specifically, Plaintiffs allege that Defendants: 1) failed to pay an overtime wage premium as required by FLSA and NYLL; 2) failed to pay a "spread of hours" premium as required by NYLL; 3) misappropriated gratuities in violation of NYLL; 4) required Plaintiffs to purchase and care for their own uniforms in violation of NYLL; and 5) retaliated against Plaintiffs in violation of FLSA and NYLL. (See Am. Compl. ¶¶ 96-127.) Plaintiffs also claim that Defendants failed to pay minimum wage. (Am. Compl. ¶¶ 72-80.[1]) Now before the Court are

---

[1] See Alonso v. Uncle Jack's Steakhouse, Inc., 648 F. Supp. 2d 484, 487 (S.D.N.Y. 2009) ("While Defendants are correct that Plaintiff do not plead the failure to pay a minimum wage as a separate count in their Amended Complaint, the factual allegations in the Amended Complaint and Affirmation clearly

the following motions: Plaintiffs' Motion for Partial Summary Judgment; Plaintiffs' Motion to Certify a NYLL Class Action under Fed. R. Civ. P. 23; Defendants' Motion to Decertify the FLSA Collective Action; and Defendant Borysowski's Motion for Summary Judgment. For the reasons stated herein, Plaintiffs' Motion for Partial Summary Judgment is DENIED; Plaintiffs' Motion to Certify a NYLL Class Action is GRANTED; Defendants' Motion to Decertify the FLSA Collective Action is DENIED, and Defendant Borysowski's Motion for Summary Judgment is DENIED.

## I. BACKGROUND

Except where noted, the following facts are undisputed.

At all relevant times, Defendant Uncle Jack's Steakhouse, Inc. ("Uncle Jack's 34th Street") has been a New York corporation that owns and operates a restaurant at 440 Ninth Avenue, New York, New York. (Pls.' 56.1 Stmt., ¶ 1.) Defendant Uncle Jack's Steakhouse Midtown, Inc. ("Uncle Jack's Midtown") has been a corporation that owns and operates a restaurant at 44 West 56th Street, New York, New York. (Id., ¶ 2.) Defendant Uncle Jack's

---

plead sufficient facts to make out such a claim. Accordingly, the Court may order Plaintiffs to further amend their Complaint under Fed. R. Civ. P[.] 10(b) . . ., it nevertheless finds that Plaintiffs' allegations were sufficient to place Defendants on notice of their claims related to their alleged failure to pay the minimum wage under the FLSA.").

2

of Bayside, Inc. ("Uncle Jack's Bayside") has been a New York corporation that owns and operates a restaurant at 39-40 Bell Boulevard in Bayside, New York. (Id., ¶ 3.)

Defendant William Degel was at all relevant times the Chief Executive Officer of Uncle Jack's 34th Street, Uncle Jack's Midtown, and Uncle Jack's Bayside. (Pls.' 56.1 Stmt., ¶ 4.) Degel owns 100 percent of the stock of Uncle Jack's 34th Street and Uncle Jack's Bayside and 75 percent of the stock of Uncle Jack's Midtown. (Pls.' 56.1 Stmt., ¶ 5.) As he testified at his deposition, Mr. Degel's duties involved growing the company, finding new locations, marketing, advertising, signing checks, purchasing, quality control, and hiring high-level employees, such as chefs, sous chefs, and managers. (Rooney Decl., Ex. 3, Degel Depo. Tr., 15:9-16:25.)

Defendant Thomas Carpenter is Director of Operations and assists Defendant Degel in running the three restaurants. (Pls.' 56.1 Stmt., ¶ 7.) Mr. Carpenter's duties include hiring management, maintaining quality controls, repairing and maintaining the three restaurants, and promotion and marketing. (Rooney Decl., Ex. 2, Carpenter Depo. Tr., 7:10-13.) Mr. Carpenter also reviewed payroll before processing. (Rooney Decl., Ex. 3, Degel Depo. Tr., 32:4-9.)

Defendant Dennis Borysowski served as the general manager of

Uncle Jack's 34th Street at one point, and then at Uncle Jack's Midtown. (Id., 33:6-8; Rooney Decl. Ex. 6, Carpenter Depo. Tr., 13:18-25.)

All three restaurants operated on the basis of a "tip pool," in which all tipped employees shared. (Pls.' 56.1 Stmt., ¶ 25.) The restaurants used a points system, under which the captains, waiters, and busboys all got a certain percentage of the pool. (Rooney Decl., Ex. 7, Corcoran Depo. Tr., 40:2-12.)

For pre-booked parties, the restaurants would impose a service charge of 25 percent, and that service charge was contained in the contract for the party. (Pls.' 56.1 Stmt., ¶ 27; Defs.' 56.1 Stmt., ¶ 27.) Store managers received 5 percent of the service charge. (Pls.' 56.1 Stmt., ¶ 28; Defs.' 56.1 Stmt., ¶ 28; Rooney Ex. 2, Carpenter Depo. Tr., 37:13-20.) When party planners were used, they would receive 5 percent of the service charge. (Pls.' 56.1 Stmt., ¶ 29; Defs.' 56.1 Stmt., ¶ 29.) According to a party contract for a party at Uncle Jack's Midtown, the restaurant did not charge sales tax on the 25 percent service charge. (Rooney Decl., Ex. 3, Degel Depo. Tr., Ex. 4.) In at least one instance, the customer check given to the customer to pay the bill said that the 25 percent charge was a "gratuity." (Pls.' 56.1 Stmt., ¶ 35.)

The restaurants deducted 3 percent from tipped employees'

4

credit card tips for the purported reason of offsetting credit card processing fees. (Pls.' 56.1 Stmt., ¶ 36.)

At his deposition, Mr. Degel testified that the restaurants did not schedule overtime. (Rooney Decl., Ex. 3, Degel Depo. Tr., 101:13-15.) From Defendants' Time Reports, Plaintiffs have identified numerous instances of tipped employees working more than forty hours in a week without receiving overtime pay. (Rooney Decl., Ex. 14.) Defendants contend that the Time Reports summarized by Plaintiffs do not account for the many instances when restaurants were required to make adjustments to account for Plaintiffs' failures to clock in and clock out properly. (Defs.' 56.1 Stmt., ¶ 45.)

Plaintiffs claim that the restaurants paid no spread of hours pay or uniform allowances. (Pls.' 56.1 Stmt., ¶ 50.) Defendants contend that no spread of hours pay or uniform allowances were required, since Plaintiffs earned more than minimum wage. (Defs.' 56.1 Stmt., ¶ 50.)

## II. DISCUSSION

A. Defendants' Motion to Decertify the FLSA Collective Action

"FLSA 'collective actions,' as they are known, are intended to facilitate a resolution in a single proceeding of claims stemming from common issues of law and fact, and to lower the costs of

5

individual actions by pooling claims and resources." Pefanis v. Westway Diner, Inc., No. 08 Civ. 002 (DLC), 2010 WL 3564426, at *3 (S.D.N.Y. Sept. 7, 2010) (citing Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 170-71 (1989)). After determining that other employees may be "similarly situated" to the named plaintiff or plaintiffs, the District Court may authorize notice that informs potential plaintiffs of the existence of the action and instructs them on the steps they must take to opt in to the lawsuit. Id. In contrast to class actions under Rule 23, plaintiffs must opt in to participate in a FLSA collective action.

At that initial stage, plaintiffs need only satisfy "the minimal burden of showing that the similarly situated requirement is met." Torres v. Gristede's Operating Corp., No. 04 Civ. 3316, 2006 WL 2819730, at *7 (S.D.N.Y. Sept. 29, 2006). With the benefit of discovery, the District Court revisits the question of whether the "similarly situated" requirement is met. Id. While the standard is higher at this second stage, "the 'similarly situated' requirement of 29 U.S.C. SS 216(b) is considerably less stringent that the requirement of Fed. R. Civ. P. 23(b)(3) that common questions 'predominate.'" Rodolico v. Unisys Corp., 199 F.R.D. 468, 481 (E.D.N.Y. 2001) (citation and internal quotations omitted).

On July 24, 2009, this Court granted Plaintiffs' Motion for Conditional Certification of a FLSA Collective Action. See Alonso v. Uncle Jack's Steahouse, 648 F. Supp. 2d 484, 488-89 (S.D.N.Y. 2009). Since that time, fifty-two current or former employees of the restaurants have filed Consents to Sue pursuant to FLSA.

Defendants argue that decertification is appropriate because individualized proof would be required as to each Plaintiff's claim for overtime wages, given that Defendants believe there are many instances where Plaintiffs failed to clock in or out properly. Furthermore, they argue that individualized proof would be necessary on each minimum wage claim, as Plaintiffs would have to testify as to which contract parties they worked and how long those parties lasted. Finally, Defendants argue that Plaintiffs are not similarly situated due to differences in job titles, store locations, managers, and schedule.

The existence of individual differences in number of hours worked or diligence in the use of the timekeeping system will not warrant decertification, as long as Plaintiffs show they are subject to a "single decision, policy, or plan." Ayers v. SGS Control Servs., Inc., No. 03 Civ. 9077, 2007 WL 646326, at *5 (S.D.N.Y. Feb. 27, 2007). In Ayers, as here, defendants argued that decertification was appropriate where the plaintiffs worked

under different managers and had different individual timekeeping practices, such that individual inquiries into hours worked would have to be conducted. Ayers, 2007 WL 646326, at *5. Rejecting that argument, the Court noted that Plaintiffs challenged a company-wide policy, rather than individualized instances of failure to pay overtime.

As in Ayers, Plaintiffs here challenge what they allege are company-wide policies to alter time records to avoid paying overtime. (See, e.g., Rooney Decl. Ex. 7, Corcoran Dep. Tr., 89:8-23; Rooney Decl., Ex. 9, Overton Dep. Tr., 67:8-69:10.) They also challenge company-wide policies on contract parties and credit card interchange fees. While the extent, existence, and lawfulness of these company-wide policies are issues for the finder of fact at trial, they are issues that are subject to generalized proof. Those issues outweigh Defendants' concerns about Plaintiffs' varying job titles, locations, and work schedules. See Pefanis, 2010 WL 3564426, at *4 ("Any individual differences in job duties, work schedules, and pay rates do not alter the conclusion that [plaintiffs] are similarly situated."). Defendants' Motion to Decertify the FLSA Collective Action is therefore DENIED.

B. Plaintiffs' Motion for Class Certification

Plaintiffs here seek certification of a class pursuant to Rule 23 of the Federal Rules of Civil Procedure, consisting of "all current and former captains, waiters, runners, bussers and bartenders who worked for Uncle Jack's Steakhouse, Inc., Uncle Jack's Bayside, Inc., Uncle Jack's Steakhouse Midtown, Inc., William Degel, Thomas Carpenter and Dennis Borysowski predating six years from the filing of this action on September 5, 2008." (Pls.' Mem. L. Cert., p. 1.) For many of the same reasons that decertification of the FLSA collective action is inappropriate, certification of a class action under Fed. R. Civ. P. 23 for Plaintiffs' NYLL claims is appropriate.

As an initial matter, Defendants' arguments that this Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims are not compelling. Contrary to Defendants' assertions, the differences between State and Federal law on the "tip credit" are not so profound as to require a separate trial for each claim. Nor are the issues of the State uniform cleaning law and spread-of-hours law so significant that they would predominate over the Federal law issues at trial. Nor is the issue of the impact of the tip credit law on the spread-of-hours and uniform cleaning laws sufficiently novel, as at least one court in this District has recognized that the laws may

be read together. See Chan v. Sung Yue Tung Corp., No. 03 Civ. 6048, 2007 WL 313483, at *22 (S.D.N.Y. Feb. 1, 2007). This Court will therefore address the Rule 23 factors for certification of a class action.

Rule 23 provides that a court should certify a class where, as here, plaintiffs satisfy the four prerequisites of Rule 23(a) and one of the three prerequisites of Rule 23(b). In re IPO Sec. Litig., 471 F.3d 24, 41 (2d Cir. 2006)

Rule 23(a)(1) requires a potential class to be "so numerous that joinder of all members is impracticable." A presumption that joinder is impracticable arises where the prospective class consists of forty members or more. Robidoux v. Celani, 987 F.2d 931, 936 (2d Cir. 1993); Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 370 (S.D.N.Y. 2007). Here, fifty-two Plaintiffs have opted into the FLSA collective action, and hundreds of additional tipped employees worked at the three Uncle Jack's restaurants during the class period. Accordingly, the class is sufficiently numerous to warrant class certification.

Furthermore, as noted above in the discussion of Defendants' Motion to Decertify the FLSA Collective Action, there are "questions of law or fact common to the class," as required by Rule 23(a)(2). Defendants' timekeeping practices and deductions from the tip pool present issues of fact and law that are common

to the class. Even though there may be sub-classes of employees, such as the employees who were allegedly paid no cash wage, presenting distinct legal and factual issues, the common issues of Defendants' timekeeping and tip pool policies predominate, and the commonality requirement is satisfied. See Shabazz v. Morgan Funding Corp., 269 F.R.D. 245, 250 (S.D.N.Y. 2010) (finding the commonality requirement satisfied even though sub-classes of employees presented different legal and factual questions).

Likewise, the typicality requirement of Rule 23(a)(3) is satisfied. The claims of the named Plaintiffs are typical of the class, in that named Plaintiffs, like all class members, were tipped employees of Defendants in the relevant time period, and sustained similar damages from Defendants' alleged unlawful practices. (See, e.g., Arias Aff., ¶¶ 2-28; Naranjo Aff., ¶¶ 2-22; Ortiz Aff., ¶¶ 2-11.)

Rule 23(a)(4) is satisfied, as there is no reason to conclude that the representative Plaintiffs have interests that are in any way antagonistic to the class, and Class Counsel, Fugazy and Rooney, has experience in handling complex class actions similar to the present action. (See generally, Rooney Aff.) Defendants' argument that it would be unfair to include in the class action the several putative class members who have affirmed that they were not subject to illegal practices is

11

illogical, as they may opt out if they do not wish to participate.

Furthermore, Rule 23(b)(3) is satisfied, as (1) common issues of law and fact predominate over individual claims; and (2) a class action is superior to other means of adjudicating the action. Here, although individual inquiries may be necessary as to the amount of hours worked for purposes of the overtime claim, all other aspects of this case are subject to generalized proof and applicable to the class as a whole. The issues of liability are uniform for the class, and predominate over the individualized inquiries into damages that might eventually be necessary if liability is proven. Finally, a class action is superior to other available methods, given that the NYLL claims are nearly identical to the FLSA claims, which will be tried collectively in this Court. Given that the issues are so closely related, resolving the NYLL claims in this forum has significant advantages to the alternative, which would be to allow hundreds of individual claims to go forward in state court.

Accordingly, Plaintiffs' Motion to Certify a Class under Fed. R. Civ. P. 23 is GRANTED and Fugazy and Rooney LLP is appointed Class Counsel. Plaintiffs shall submit a Proposed Notice and Proposed Plan for Providing Notice to Class Members within 30 days of the date of this Order.

C. Plaintiffs' Motion for Summary Judgment

A district court will grant summary judgment only when there is "no genuine dispute as to any material fact," and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); see also Hermes Int'l v. Lederer de Paris Fifth Ave., Inc., 219 F.3d 104, 107 (2d Cir. 2000). Genuine disputes of material fact cannot be created by mere conclusory allegations; summary judgment is appropriate only when, "after drawing all reasonable inferences in favor of a non-movant, no reasonable trier of fact could find in favor of that party." Heublein v. United States, 996 F.2d 1455, 1461 (2d Cir. 1993) (citing Matsushita Elec. Industr. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986)).

In assessing when summary judgment should be granted, "there must be more than a 'scintilla of evidence' in the non-movant's favor; there must be evidence upon which a fact-finder could reasonably find for the non-movant." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)). While a court must always "resolv[e] ambiguities and draw [ ] reasonable inferences against the moving party," Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986) (citing Anderson, 477 U.S. at 252), the non-movant may not rely upon "mere speculation or

conjecture as to the true nature of the facts to overcome a motion for summary judgment." Id. at 12. Instead, when the moving party has documented particular facts in the record, "the opposing party must 'set forth specific facts showing that there is a genuine issue for trial.'" Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986). Establishing such facts requires going beyond the allegations of the pleadings, as the moment has arrived "'to put up or shut up.'" Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (citation omitted).

A court faced with cross-motions for summary judgment need not "grant judgment as a matter of law for one side or the other," but "'must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration.'" Heublein, Inc. v. United States, 996 F.2d 1455, 1461 (2d Cir. 1993) (quoting Schwabenbauer v. Bd. of Educ. of Olean, 667 F.2d 305, 313-14 (2d Cir. 1981))

It is manifestly evident from the record in this case that summary judgment is not appropriate. Genuine disputes of material fact exist in at least the following areas: whether and how much overtime each Plaintiff worked without premium compensation; whether Defendants altered time records to avoid

paying overtime; whether the 25 percent service charge on contract parties was a gratuity; whether Defendants were entitled to deduct 3 percent from credit card tips to reimburse them for the credit card interchange fee; whether Defendants were required to pay a uniform cleaning allowance; and whether the individual Defendants are "employers" within the meaning of FLSA and NYLL. Plaintiff's Motion for Partial Summary Judgment is accordingly DENIED.

D.   Defendant Borysowski's Motion for Summary Judgment

Defendant Borysowski cross-moves for summary judgment, claiming that he is not an "employer" for purposes of FLSA.

"The FLSA broadly defines 'employer' to include 'any person acting directly or indirectly in the interest of an employer in relation to an employee . . ." Shim v. Millennium Group, 2010 U.S. Dist. LEXIS 6407, at *2-3, (S.D.N.Y. 2010) (quoting 29 U.S.C. § 203(d)). "Because this definition 'offers little guidance on whether a given individual is or is not an employer,' the Second Circuit has held that 'the overarching concern is whether the alleged employer possessed the power to control the workers in question with an eye to the 'economic reality' presented by the facts of each case." Shim, at *3 n.2 (quoting

Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999) (citations omitted)). "Under the 'economic reality' test, the relevant factors include whether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Herman, 172 F.3d at 139.

Pointing to his own deposition testimony and limited excerpts from the deposition testimony of Mr. Carpenter, Borysowski contends that Mr. Degel and Mr. Carpenter exercised complete control over the operations of the three restaurants, and that only they had management authority. Deposition testimony from Plaintiffs and from Mr. Degel and Mr. Carpenter directly contradict these assertions. (See, e.g., Rooney Aff. Ex. B, Degel Dep. 186:15-17, 196:10-16.) Accordingly, there is a genuine dispute of material fact as to whether Borysowski was an "employer" within the definition of FLSA, and his Motion for Summary Judgment must be DENIED.

III. CONCLUSION

Defendants' Motion to Decertify the FLSA Collective Action (Docket #138) is DENIED.

Plaintiffs' Motion to Certify a Rule 23 Class Action (Docket #133) is GRANTED and Fugazy and Rooney are appointed Class Counsel. Plaintiffs shall submit a Proposed Notice and Proposed Plan for Providing Notice to Class Members within 30 days of the date of this Order.

Plaintiffs' Motion for Partial Summary Judgment (Docket #116) is DENIED.

Defendant Borysowski's Motion for Summary Judgment (Docket #154) is DENIED.

Proposed Requests to Charge and Proposed Voir Dire shall be submitted by December 2, 2011. A Joint Pre-trial Statement ("JPTS") shall by submitted by December 2, 2011. The JPTS shall conform to the Court's Individual Practices and Supplemental Trial Procedure Rules. Memoranda of Law addressing those issues raised in the JPTS shall be submitted by December 2, 2011. Responses to the Memoranda shall be submitted by December 16, 2011. There shall be no replies.

SO ORDERED.

Dated: New York, New York
September 21, 2011

*Deborah A. Batts*
Deborah A. Batts
United States District Judge