Paul P. Rooney (PR-0333)
Amanda M. Fugazy (AF-6772)
FUGAZY & ROONEY LLP
437 Madison Avenue, 35th Floor
New York, NY 10022
(212) 346-0570

*Attorneys for Plaintiffs.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------- X
JUAN ALONSO, ABELARDO ARIAS, JAIME LOPEZ, RON
MENIN, LUIS NARANJO, HECTOR OLVERA, PEDRO
ORTIZ, LEONARDO PRIETO, ARKADY SHTEYNBERG,
VICTOR SOLIS, ALEJANDRO TORRES, LUIS XURUC,
and IVAN ZAPATA, on behalf of themselves and all others
similarly situated,

                    Plaintiffs,

      -against-

UNCLE JACK'S STEAKHOUSE, INC., UNCLE JACK'S
OF BAYSIDE, INC., UNCLE JACK'S STEAKHOUSE
FRANCHISE, INC., UNCLE JACK'S STEAKHOUSE
MIDTOWN, INC., WILLIAM J. DEGEL, THOMAS
CARPENTER, AND DENNIS BOROSOWSKI,

                    Defendants.
------------------------------------------------------------------------------- X

08 Civ. 7813 (DAB)

ECF FILED

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION *IN LIMINE* SEEKING AN ORDER ALLOWING EVIDENCE
RELATING TO DEFENDANT DEGEL'S CRIMINAL CONVICTION**

Dated: July 3, 2012
      New York, New York

## PRELIMINARY STATEMENT

Plaintiffs and the Class Members (hereinafter "Plaintiffs") respectfully submit this Memorandum of Law in support of their Motion *in Limine* seeking an order permitting Plaintiffs to elicit and offer at trial evidence relating to Defendant William J. Degel's prior criminal conviction for credit card fraud.  The evidence is admissible under: (a) Fed. R. Evid. 609 as it is a dishonest act crime and its probative value substantially outweighs its prejudicial effect; and (b) Fed. R. Evid. 404(b) as character evidence to show Defendant Degel's intent to violate the FLSA and NYLL and knowledge of credit cards.

## STATEMENT OF FACTS

Plaintiffs allege that Uncle Jack's Steakhouse, Inc., Uncle Jack's of Bayside, Inc., Uncle Jack's Steakhouse Midtown, Inc., William J. Degel, Thomas Carpenter, and Dennis Borysowski (collectively, "Defendants") violated the Fair Labor Standards Act and New York Labor Law by failing to pay Plaintiffs minimum wages, overtime wages, spread of hours pay, uniform allowances and by misappropriating tips at three restaurants.

In 1994, Defendant William Degel was convicted of one count of credit card fraud (18 USC 1029(a)(2)) and one count of conspiracy to commit credit card fraud (1029(b)(2)).[1]

Evidence of such conviction is highly relevant to this action for violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), where the credibility of Defendant William Degel is of great import.  Defendant Degel was, at all relevant times, the Chairman and Chief Executive Office of each corporate Defendant (Uncle Jack's Steakhouse, Inc., Uncle Jack's of Bayside, Inc., Uncle Jack's Steakhouse Midtown, Inc.).  Plaintiffs allege

---

[1] *USA v. Barwick, et al.*, 93-cr-00320 (No. 87).

1

Defendant Degal instituted and oversaw many of the illegal schemes at place at the Uncle Jack's restaurants, including willfully misappropriating gratuities belonging to the Plaintiffs.[2]

## ARGUMENT

I. **Evidence Of Defendant Degel's Criminal Conviction For Credit Card Fraud Is Admissible For Impeachment Purposes Because It Is A Crime Of Dishonesty And Its Probative Value Substantially Outweighs Its Prejudicial Effect**

Evidence of Defendant Degel's Criminal Conviction for credit card fraud is admissible under Fed. R. Evid. 609 as it is a crime of dishonesty and its probative value substantially outweighs its prejudicial effect.

Under Federal Rule of Evidence 609(a)(2), evidence of a prior conviction of a crime, the elements of which "required proving—or the witness's admitting—a dishonest act or false statement," are to be admitted. Fed. R. Evid. 609(a)(2); *see also*, *Sanders v. Ritz-Carlton Hotel Co., LLC*, 2008 U.S. Dist. LEXIS 68371, at *10 (S.D.N.Y. Sept. 9, 2008) ("[w]hen, as here, the underlying criminal acts involve dishonesty or false statement, the convictions are automatically admissible under Rule 609(a)(2)") (internal citations omitted). However, where the conviction is more than ten years old, it may only be used to attack a witness's credibility if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect" and proper notice is given to the adverse party. Fed. R. Evid. 609(b).

a. **Dishonest Act**

Defendant Degel's criminal conviction for credit card fraud involves a dishonest act, thus implicating Fed. R. Evid. 609(b). *See, e.g., Sanders*, 2008 U.S. Dist. LEXIS 68371, at *8-9 (stating "The Conference Report on the Federal Rules explains that the terms 'dishonesty or false statement' in Rule 609(a)(2) are descriptive of convictions 'peculiarly probative of credibility,'

---

[2] Am. Comp. at ¶ 36.

such as those for 'perjury, false statement, *criminal fraud*, embezzlement, or false pretense, or any other offense in the nature of crimen falsi the commission of which involves some element of dec[e]it, untruthfulness, or falsification bearing on [a witness's] propensity to testify truthfully.' H.R. Rep. No. 93-1597, at 9 (1974) (Conf. Rep.), *reprinted in* 1974 U.S.C.C.A.N. 7098, 7103") (emphasis added); 4-609 Weinstein's Federal Evidence § 609.04 (listing fraud as a crime of deceit or false statement to which automatic admissibility under Rule 609(a)(2) applies).

Crimes involving a dishonest act are so indicative of truthfulness, that a court has no discretion to exclude such convictions. *See*, *e.g.*, *Carofino v. Forester*, 2008 U.S. Dist. LEXIS 30609, at *7-8 (S.D.N.Y. Apr. 7, 2008) (holding that fraud conviction is automatically admissible under 609(a)(2)); *Sanders*, 2008 U.S. Dist. LEXIS 68371, at *11 (citing *United States v. Hayes,* 553 F.2d 824, 827 (2d Cir. 1997) ("evidence of conviction of a certain type of crime - one involving 'dishonesty or false statement'- must be admitted, with the trial court having no discretion, regardless of the seriousness of the offense or its prejudice to the defendant") (internal citation omitted)).

b. **Probative Value Substantially Outweighs its Prejudicial Effect**

As a crime involving a dishonest act, Defendant Degel's conviction for credit card fraud would be automatically admissible if it were not more than 10 years old.  However, because Defendant Degel's criminal conviction is more than ten years old, it may only be used to attack Degel's credibility if its probative value substantially outweighs its prejudicial effect.  Fed. R. Evid. 609(b).  Notwithstanding the strict test for admissibility under Fed. R. Evid. 609(b), evidence of Defendant Degel's criminal conviction for credit card fraud should be admissible as its extremely high probative value substantially outweighs its prejudicial effect.

It is well established that convictions for crimes involving fraud, even if they are more than ten years old, are admissible "when the conviction is in the nature of *crimen falsi* and the credibility of the witness is of great import to the issues of the case." *Sanders*, 2008 U.S. Dist. LEXIS 68371, at *14. In such cases, courts have found that evidence of the criminal conviction substantially outweighs its prejudicial effect. In *Sanders*, a personal injury case, the court admitted the plaintiff's twenty-one year old conviction for tax evasion where the plaintiff's credibility was important. *Id*. at *13-14. In *Zinman v. Black & Decker, Inc*., 983 F.2d 431 (2d Cir. 1993), the Second Circuit upheld the admission of the plaintiff's sixteen year old conviction for Medicare fraud. In ruling the plaintiff's conviction admissible, "the court noted that making a false statement to a government agency is a crime akin to perjury, and that [the plaintiff's] conviction therefore bore heavily on his credibility." *Zinman*, 983 F.2d at 434. The court acknowledged that the jury's assessment of the plaintiff's credibility was highly relevant to several disputed areas in the case and concluded, "any resulting prejudice to [the plaintiff] was substantially outweighed by the probative value of the evidence." *Id*. Additionally, in *United States v. Gilbert*, 668 F.2d 94, 97 (2d Cir. 1981), the Second Circuit affirmed the decision to admit a conviction for mail fraud that was more than ten years old because the trial judge had properly found that its probative value substantially outweighed its prejudicial effect. *See also Melino v. Miller*, 2010 U.S. Dist. LEXIS 79374, at *14 (N.D.N.Y. Aug. 5, 2010) (admitting seventeen and eighteen year old convictions for bank fraud and perjury, *inter alia*).

Similarly, in the case at bar, Defendant Degel's criminal conviction for credit card fraud should be admitted into evidence because it is a conviction involving calculated dishonesty and deceit and highly probative of Defendant Degel's testimonial trustworthiness and credibility.

4

In this case, one of Plaintiffs' allegations is that Defendants subtracted and kept three percent (3%) of each tipped employee's tips, ostensibly for reimbursement of the credit card fees imposed on Defendants when customers charged tips on credit cards.[3]   The limited records Defendants produced show the credit card fees imposed were less than two percent (2%).[4] Plaintiffs anticipate that Defendants will allege that Defendants had no knowledge of the actual credit card fees imposed on them and that any amount withheld from the employees' tips in excess of what was charged, was withheld by accident.   The jury may reasonably infer from Defendant Degel's prior conviction for credit card fraud that his testimony is not credible.

The evidence of Defendant Degel's criminal conviction is prejudicial as any evidence against character would be.   That alone is insufficient reason to preclude its use.   It is respectfully submitted that the probative value substantially outweighs its prejudicial effect because the criminal conviction goes directly to the issue of Defendant Degel's truthfulness.

## II. Evidence Of Defendant Degel's Criminal Conviction For Credit Card Fraud Is Also Admissible Under Rules 404(b) and 403 To Prove Degel's Intent and Knowledge Of Credit Card Operations

Evidence of Defendant Degel's criminal conviction is also admissible under Federal Rules of Evidence 404(b) and 403 to prove intent and knowledge.   Such evidence is relevant and its probative value is not substantially outweighed by the risk of prejudice.

Federal Rule of Evidence 404(b) was discussed extensively in *Huddleston v. United States*, 485 U.S. 681 (U.S. 1988).   In *Huddleston*, the Supreme Court stated:

> Federal Rule of Evidence 404(b) -- which applies in both civil and criminal cases -- generally prohibits the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears upon a relevant issue in the case such as motive, opportunity, or knowledge.   Extrinsic acts evidence may be critical to the

---

[3] Am. Comp. at ¶ 72.
[4] Degel Dep. Exs. 8-11 (Plaintiffs' Motion for Partial Summary Judgment, Rooney Ex. 3).

> establishment of the truth as to a disputed issue, especially when that issue
> involves the actor's state of mind and the only means of ascertaining that
> mental state is by drawing inferences from conduct.

*Huddleston v. United States*, 485 U.S. 681, 685 (U.S. 1988).

The *Huddleston* court outlined the following four-part test for the admission of other acts evidence under Rule 404(b):

> First, the evidence must be introduced for a proper purpose, such as proof
> of knowledge or identity.  Second, the offered evidence must be relevant
> to an issue in the case pursuant to Rule 402, as enforced through Rule
> 104(b).  Third, the evidence must satisfy the probative-prejudice balancing
> test of Rule 403.  Fourth, if the evidence of other acts is admitted, the
> district court must, if requested, provide a limiting instruction for the jury.

*Carofino v. Forester*, 450 F. Supp. 2d 257, 272 (S.D.N.Y. 2006) (citing *Huddleston v. United States*, 485 U.S. 681, 691-92 (internal citations and quotations omitted).

Furthermore, under the Second Circuit's "inclusionary" approach, evidence of other acts "is admissible for any purpose other than to show a defendant's criminal propensity."  *U.S. v. Barnason*, 2012 U.S. Dist. LEXIS 17114, at \*8-9 (S.D.N.Y. Feb. 9, 2012) (internal citation omitted); *see also*, *Carofino v. Forester*, 450 F. Supp. 2d 257, 271.

### A.  Proper Purpose

Plaintiffs seek to admit evidence of Defendant Degel's prior conviction for credit card fraud not to prove his propensity to commit credit card fraud, but instead, to demonstrate the existence of Defendant Degel's intent to steal from his employees and knowledge of credit card operations.  Such purposes are permissible under Rule 404(b).

Where a defendant denies knowledge or intent, or claims that his conduct has an innocent explanation, prior act evidence is generally admissible to prove that the defendant had the knowledge, intent, or acted with the state of mind necessary to commit the offense charged.  *See, e.g.*, *United States v. Lombardozzi*, 2003 U.S. Dist. LEXIS 6534, at \*12-13 (S.D.N.Y. Apr. 17,

2003) (where defendant denied knowingly taking part of the crimes charged, a defense of "innocent association," the proffered evidence of other similar acts was admissible"); *United States v. Zackson*, 12 F.3d 1178, 1182 (2d Cir. 1993) ("Where a defendant claims that his conduct has an innocent explanation, prior act evidence is generally admissible to prove that the defendant acted with the state of mind necessary to commit the offense charged"); *United States v. Ramirez-Amaya*, 812 F.2d 813, 817 (2d Cir. 1987) (where defendant denied an intention to involve himself in the unlawful activities of his business associate, "[p]roof that [defendant] had previously sought to engage in precisely such activities was admissible on the issue of his intent").

Similarly, in *United States v. Agostini*, 184 Fed. Appx. 128, 129-130 (2d Cir. 2006), the defendant appealed judgment pursuant to a jury verdict convicting him of assault in aid of racketeering and conspiracy to distribute and possession with intent to distribute crack cocaine. The Second Circuit affirmed the district court's decision to admit evidence of various uncharged crimes and bad acts, including the defendant's almost ten-year old guilty plea to having sold drugs with an accomplice. *Id*. at 130. The Second Circuit found the evidence was admissible to establish the defendant's knowledge of the narcotics trade and intent in joining a narcotics conspiracy. *Id.*

In the case before this Court, Plaintiffs believe Defendant Degel will claim he has no knowledge of how credit cards operate and that he had no intention of stealing tips owed to tipped employees. Defendant Degel will likely claim "innocent association" and deny knowledge and intent to commit actions in violation of the FLSA and NYLL. As such, as in the cases cited above, the introduction of evidence of Defendant Degel's prior act of stealing via credit cards to show his intent and knowledge is proper and permissible under Rule 404(b).

7

## B.  Relevancy

Pursuant to Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable that it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  "[E]vidence that makes the existence of any fact at issue more or less probable" is "relevant."  *Huddleston v. United States*, 485 U.S. 681, 687.

Defendant Degel's intent is highly relevant to at least two aspects of this case: (1) whether he acted in reckless disregard of the FLSA, thereby entitling Plaintiffs to the three-year statute of limitations; and (2) whether he acted in bad faith, thereby entitling Plaintiffs to liquidated damages.[5]  As the jury will have to determine whether Defendant Degel acted in bad faith and willfully violated the FLSA and NYLL by, *inter alia*, stealing credit card tips from tipped employees, Defendant Degel's knowledge of credit card operations and previous credit card fraud is highly relevant.  Such evidence goes to the jury's assessment of whether they believe Defendant Degel's actions were the result of an accident or mistake.

## C.  Rule 403 Balancing

While all evidence tending to demonstrate a defendant's liability will, by its nature, be prejudicial to the defendant in some respect, "Rule 403 is designed to exclude only *unfair* prejudice."  *Carofino v. Forester*, 450 F. Supp. 2d 257, 273 (internal citations omitted).  Defendant Degel will likely deny knowledge or intent or will claim that his conduct has an innocent explanation.  Therefore, the probative value of prior act evidence that may prove that

---

[5] The statute of limitations to bring an FLSA claim is two years; if an FLSA violation was "willful", however, a three-year limitations period applies. 29 U.S.C. § 255(a).  An employer who violates the FLSA's requirements is generally liable to its employee for the employee's unpaid compensation as well as "an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).  An exception to the FLSA's liquidated damages rule exists "where the employer shows that, despite its failure to pay appropriate wages, it acted in subjective 'good faith' with objectively 'reasonable grounds' for believing that its acts or omissions did not violate the FLSA."  *Barfield v. New York City Health and Hospitals Corp.*, 537 F.3d 132, 150 (2d Cir. 2008).

Defendant Degel had the knowledge, intent, or acted with the state of mind necessary to commit the offense charged outweighs any prejudicial effect and is thus admissible.  *See, e.g.*, *United States v. Lombardozzi*, 2003 U.S. Dist. LEXIS 6534, at \*12-13 (where defendant denied knowingly taking part of the crimes charged, the proffered evidence of other similar acts was "significantly probative of [defendant's] intent and knowledge of the crime alleged in the indictment, making it more difficult for a jury to believe [defendant's] involvement was the result of an accident or mistake" and its probative value outweighed any potential prejudice); *United States v. Ramirez-Amaya*, 812 F.2d 813, 817 (upholding decision where the court carefully balanced the probative value of the evidence against the likely prejudice and admitted evidence that went to the defendant's intent where he denied involvement in  unlawful activities).

## CONCLUSION

For the forgoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion *in Limine* permitting Plaintiffs to elicit or offer at trial in this matter any evidence, testimony, or information that touches upon, goes to, or involves Defendant Degel's criminal conviction for credit card fraud.

Dated: New York, New York  
      July 3, 2012

Respectfully submitted,

FUGAZY & ROONEY LLP

_____/s/_____  
Paul P. Rooney (PR-0333)  
Amanda M. Fugazy (AF-6772)  
437 Madison Avenue, 35th Floor  
New York, NY 10022  
(212) 346-0570

*Attorneys for Plaintiffs and Class Members*

9