Paul P. Rooney (PR-0333)
Amanda M. Fugazy (AF-6772)
FUGAZY & ROONEY LLP
437 Madison Avenue, 35th Floor
New York, NY 10022
(212) 346-0570

*Attorneys for Plaintiffs.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------- X
JUAN ALONSO, ABELARDO ARIAS, JAIME LOPEZ, RON
MENIN, LUIS NARANJO, HECTOR OLVERA, PEDRO
ORTIZ, LEONARDO PRIETO, ARKADY SHTEYNBERG,
VICTOR SOLIS, ALEJANDRO TORRES, LUIS XURUC,
and IVAN ZAPATA, on behalf of themselves and all others
similarly situated,

                      Plaintiffs,

    -against-

UNCLE JACK'S STEAKHOUSE, INC., UNCLE JACK'S
OF BAYSIDE, INC., UNCLE JACK'S STEAKHOUSE
FRANCHISE, INC., UNCLE JACK'S STEAKHOUSE
MIDTOWN, INC., WILLIAM J. DEGEL, THOMAS
CARPENTER, AND DENNIS BOROSOWSKI,

                      Defendants.
------------------------------------------------------------------------------- X

08 Civ. 7813 (DAB)

ECF FILED


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION *IN LIMINE* SEEKING AN ORDER PRECLUDING EVIDENCE
RELATING TO PLAINTIFFS' OTHER LAWSUITS AGAINST DEFENDANTS**

Dated: July 3, 2012
       New York, New York

## PRELIMINARY STATEMENT

Plaintiffs and the Class Members (hereinafter "Plaintiffs") respectfully submit this Memorandum of Law in support of their Motion *in Limine* seeking an order precluding Uncle Jack's Steakhouse, Inc., Uncle Jack's of Bayside, Inc., Uncle Jack's Steakhouse Midtown, Inc., William J. Degel, Thomas Carpenter, and Dennis Borysowski (collectively, "Defendants") from eliciting or offering at trial any evidence, testimony, or information that touches upon, goes to, or involves other lawsuits Plaintiffs filed against Defendants, including, but not limited to, the disposition of those matters. Plaintiffs move to exclude such evidence at trial because it is not relevant to the claims at issue and because any minimal probative value that Plaintiffs' other lawsuits might have is far outweighed by the unfair prejudice to Plaintiffs and the likely confusion to the jury.

## STATEMENT OF FACTS

In this case, Plaintiffs allege that Defendants violated the Fair Labor Standards Act and New York Labor Law by failing to pay Plaintiffs minimum wages, overtime wages, spread of hours pay, uniform allowances and by misappropriating tips. Several Plaintiffs have brought separate, additional actions against Defendants. These actions allege a myriad of claims, including, hostile work environment, retaliation, fraud, and violations of COBRA and ERISA. These actions are captioned as William Black v. Uncle Jack's Steakhouse, Inc., Uncle Jack's of Bayside, Inc., and Dennis Borysowski, Index No. 09/109078; Jeffrey Greenberg and Michael Overton v. Uncle Jack's Steakhouse, Inc., Index No. 12/3230; Luis Naranjo v. Uncle Jack's Steakhouse, Inc., Index No. 12/1941; and Brian Beale v. Uncle Jack's Steakhouse, Inc., Uncle Jack's Steakhouse Midtown, Inc., Uncle Jack's of Bayside, Inc., and Uncle Jack's Steakhouse, Inc. Employee Group Health Insurance Plan, Index No. 11/2627 (the "Other Lawsuits"). Plaintiffs reasonably anticipate that Defendants and their counsel will seek to introduce the

1

existence of the Other Lawsuits and/or their disposition, in an attempt to unduly prejudice the jury. Because the Other Lawsuits have no relationship to this case, Plaintiffs move *in limine* to exclude such evidence.

## **ARGUMENT**

### A. Defendants Should Be Precluded From Introducing Evidence Or Questioning Witnesses About Matters Related To Plaintiffs' Other Lawsuits Against Defendants As They Are Irrelevant

Under Federal Rule of Evidence 402, "irrelevant evidence is not admissible." Fed. R. Evid. 402. Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable that it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. In this case, Plaintiffs allege that Defendants violated the Fair Labor Standards Act and New York Labor Law by failing to pay Plaintiffs minimum wages, overtime wages, spread of hours pay, uniform allowances and by misappropriating tips. The fact that a some of the Plaintiffs have brought additional, separate lawsuits against Defendants alleging hostile work environment, retaliation, fraud, COBRA and ERISA violations, *inter alia*, has no relevance to Plaintiffs' claims in this action. Additionally, the fact that one of the Other Lawsuits settled bears nothing on the facts of Plaintiffs' case. Accordingly, the introduction of such evidence at trial should be precluded.

### B. Even If This Court Finds Evidence of Plaintiffs' Other Lawsuits Relevant, It Should Nevertheless Be Excluded Because It Constitutes Inadmissible Character Evidence and the Potential For Prejudice and Jury Confusion Far Outweighs Any Minimal Probative Value

Should this Court find that the Other Lawsuits are relevant to this case—which they are not—the evidence should nevertheless be excluded as it constitutes inadmissible character evidence. Even if Plaintiffs had a propensity towards filing lawsuits—which they do not—such

evidence regarding their character is irrelevant to the veracity of their claims against Defendants. "[T]he Second Circuit is clear that under Rule 404(b) of the Federal Rules of Evidence, evidence of prior litigation cannot be admitted solely for the purpose of proving that a plaintiff has a character trait for litigiousness and acted in conformity with that trait in the present lawsuit." *Greenfield v. City of New York*, 2000 U.S. Dist. LEXIS 1164, at *39 (S.D.N.Y. Feb. 3, 2000). *See, e.g.*, *Outley v. New York*, 837 F.2d 587, 592 (2d Cir. N.Y. 1988) (reversing judgment for defendants where trial court erroneously admitted evidence of plaintiff's prior lawsuits and permitted defendants' argument that plaintiff was a chronic litigant, stating "[l]itigiousness is the sort of character trait with which Rule 404(b) is concerned"); *Raysor v. Port Authority of New York & New Jersey*, 768 F.2d 34, 40 (2d Cir. N.Y. 1985) (excluding questions about plaintiff's litigation on other matters because plaintiff's "litigiousness may have some slight probative value, but that value is outweighed by the substantial danger of jury bias against the chronic litigant"), *cert. denied*, 475 U.S. 1027 (1986); *Young v. Calhoun*, 1995 U.S. Dist. LEXIS 4555, at *18-20 (S.D.N.Y. Apr. 7, 1995) (excluding evidence of plaintiff's litigiousness because of the undue prejudice likely to result, unless defendants could show plaintiff's prior lawsuits were fraudulent).

In the case before this Court, the probative value of Plaintiffs' Other Lawsuits against Defendants is nil. The unfair prejudice, on the other hand, is substantial. Admission of evidence of Plaintiffs' Other Lawsuits will unfairly color the jury's view of Plaintiffs, perhaps causing the jury to erroneously believe that Plaintiffs are "serial filers." Furthermore, evidence that one of Plaintiffs' Other Lawsuits settled may cause the jury to draw improper conclusions as to the reasons surrounding such settlement. Admission of such evidence would also serve to confuse the jury by focusing their attention on incidents wholly unrelated to Plaintiffs' allegations. For

these reasons, all evidence of Plaintiffs' Other Lawsuits, including their disposition(s), should be excluded.

## **CONCLUSION**

For the forgoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion *in Limine* precluding Defendants from eliciting or offering at trial in this matter any evidence, testimony, or information that touches upon, goes to, or involves the Other Lawsuits Plaintiffs' filed against Defendants, including their disposition.

Dated: New York, New York  
       July 3, 2012

Respectfully submitted,

FUGAZY & ROONEY LLP

*[signature]*

Paul P. Rooney (PR-0333)  
Amanda M. Fugazy (AF-6772)  
437 Madison Avenue, 35th Floor  
New York, NY 10022  
(212) 346-0570

*Attorneys for Plaintiffs and Class Members*