UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
JUAN ALONSO, ABELARDO ARIAS, JAIME LOPEZ, RON
MENIN, LUIS NARANJO, HECTOR OLVERA, PEDRO
ORTIZ, LEONDARDO PRIETO, ARKADY SHTEYNBERG,
VICTOR SOLIS, ALEJANDRO TORRES, LUIS XURUC,
and IVAN ZAPATA, on behalf of themselves and all others
similarly situated,

                          Plaintiffs,                          08 Civ. 7813 (DAB)

          -against-

UNCLE JACK'S STEAKHOUSE, INC., UNCLE JACK'S
OF BAYSIDE, INC., UNCLE JACK'S STEAKHOUSE
FRANCHISE, INC., UNCLE JACK'S STEAKHOUSE
MIDTOWN, INC., WILLIAM J. DEGEL, THOMAS
CARPENTER, AND DENNIS BOROSOWSKI,

                          Defendants.
-------------------------------------------------------------------------------X

## <u>JOINT PRETRIAL STATEMENT</u>

Paul P. Rooney                          Robert J. Valli, Jr., Esq.
Amanda M. Fugazy                        Sara Wyn Kane, Esq.
FUGAZY & ROONEY LLP                     VALLI, KANE & VAGNINI LLP
437 Madison Avenue, 35th Floor          600 Old Country Road, Suite 519
New York, NY 10022                      Garden City, New York 11530
(212) 346-0570 (tel.)                   (516) 203-7180 (tel.)
(484) 805-7022 (fax)                    (516) 706-0248 (fax)

*Attorneys for Plaintiffs and*          *Attorneys for Defendants Uncle Jack's*
*Class Members*                         *Steakhouse, Inc., Uncle Jack's of Bayside,*
                                        *Inc., Uncle Jack's Steakhouse Midtown, Inc.,*
                                        *William J. Degel and Thomas Carpenter*

                                        Edward V. Filardi, Esq.
                                        SKADDEN ARPS SLATE MEAGHER
                                           & FLOM LLP
                                        Four Times Square
                                        New York, New York 10036
                                        (212) 735-3060 (tel.);
Dated: July 3, 2012                     (917) 777-3060 (fax)
        New York, New York              *Attorneys for Defendant Dennis Borysowski*

Pursuant to the Rule 16 of the Federal Rules of Civil Procedure and the Court's individual rules, the parties, submit the following Joint Pretrial Statement.

## 1.  Brief Non-Adversarial Statement of the Case

This is a wage and hour case.  Plaintiffs are current and former employees of Defendants Uncle Jack's Steakhouse, Inc. ("Uncle Jack's 34th Street), Uncle Jack's Steakhouse Midtown, Inc. ("Uncle Jack's Midtown") and Uncle Jack's of Bayside, Inc. ("Uncle Jack's Bayside") (collectively "Uncle Jack's"). Plaintiffs worked as captains, waiters, bussers, runners, and bartenders for Defendants.  Also Defendants are William J. Degel, owner of Uncle Jack's, Thomas Carpenter, Director of Operations for Uncle Jack's, and Dennis Borysowski, a former manager.

Plaintiffs bring claims under The Fair Labor Standard Act, 29 U.S.C. Sec. 201-219 and The New York Labor Law against Defendants for overtime pay, minimum wage, withheld tips, spread of hours pay, and uniform cleaning allowances.  Plaintiffs seek a ruling that Defendents acted willfully in regard to their alleged FLSA violations.  Plaintiffs who have claims under the FLSA seek liquidated damages in the amount of 100% of their withheld wages.  All Plaintiffs seek liquidated damages for their New York Labor Law claims of either 25% or 100% depending upon the interpretation of the amendments to the New York Labor Law.  Three plaintiffs also bring retaliation claims under those same statutes.  The Court certified a class action with respect to Plaintiffs' state law claims on September 21, 2011.

Defendants deny that the Plaintiffs' claims have merit and state specifically that it did not fail to pay overtime, never improperly placed a non-servers in the tip pool, that it deducted from

tips an appropriate amount for credit card fees in accordance with Federal and State laws and that it did not violate New York minimum wage or uniform allowance laws.  Uncle Jack's has asserted various defenses against all of plaintiff's claims.

### 2.    Specific Factual Basis For Jurisdiction and Venue

This court has subject matter jurisdiction under 28 U.S.C. Sec. 1331 because Plaintiffs' claims arise under a federal statute, the FLSA.  This court has supplemental jurisdiction under 28 U.S.C. § 1367 under Plaintiffs' state law claims because those claims arise from the same nucleus of operative facts.  This court has personal jurisdiction over each defendant because each is a citizen of the State of New York.

Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1).  Under § 1391(b)(1) "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State . . ." Under 28 U.S.C. § 1391(c), "[f]or purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district to which it is subject to personal jurisdiction at the time the action is commenced."  Uncle Jack's Steakhouse, Inc. and Uncle Jack's Steakhouse Midtown, Inc. are both subject to personal jurisdiction in this district because their principal places of business are located in this district.  Accordingly, they are considered residents of this district under § 1391(c).  All defendants reside in the same state: New York.  Accordingly, venue is proper in this judicial district under § 1391(b)(1).  Alternatively, venue is proper under 28 U.S.C. § 1391(b)(2) which provides for

venue in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  Finally, all objections to venue have been waived.

### 3.  Designation of Case as Jury or Non-Jury

This is a jury case.

### 4.  Statement of Relief Sought

Plaintiffs seek: (a) unpaid overtime pay; (b) pay owed them due to Defendants' failure to pay minimum wage as a result of Defendants' loss of the tip credit due to unlawful taking of Plaintiffs' tips; (c) the return of unlawfully taken tips; (d) spread of hours pay in the amount of one hour at minimum wage for each day on which they worked more than ten hours or the spread of hours exceeded ten; and (e) uniform cleaning allowances; (f) a ruling that the FLSA violations were willful; (g) liquidated damages under the FLSA; (h) an injunction against further violations of the NY Labor Law and FLSA; and (i) an injunction against further retaliation against Plaintiffs by Uncle Jack's or Mr. Degel.

Plaintiffs seek to the hold the three corporate Defendants jointly and severally liable on the grounds that they comprise a single employer and/or jointly employed some Plaintiffs. Plaintiffs seek to hold the three individual defendants personally liable on the grounds that they are "employers" within the meaning of that term under the FLSA and NYLL.

Defendants seek a finding that:

    (a)    No employee worked more than forty hours in a week and if one did, it was aberrational, not the product of a policy or procedure and not common to all members of the class;

    (b)    That the 3% deducted from Credit Card charges was less than the Credit Card interchange fees, charge backs, lost charges, and gift cards sold by Defendants

that were purchased on Credit Cards, such that Defendants' costs exceeded that which was taken from the employees tips.  In the alternative, the difference between the amount of the actually Credit Card charge fees and the 3% is so small as to be *de minimis*.  Accordingly there was no waiver of the employer tip credit.

(c)     That managers were not employers and were properly included in the private tip pool for certain of the private parties because they acted as wait staff for those events.  That no manager was ever in the non-private party tip pool.

(d)     Employees were not required to wear a "uniform" in that the clothing they were required to wear could have been worn outside of work.  Further even if the clothing is found to be a "uniform" the costs of cleaning did not lower their wages such that they were paid less than the minimum wage; and

(e)     No employee is entitled to spread of hours pay, because no employee worked more than ten consecutive hours in one day.

### 5.  Undisputed Facts

1.     At all relevant times, Defendant Uncle Jack's Steakhouse, Inc. ("Uncle Jack's 34th Street) has been a New York corporation that owns and operates a restaurant at 440 Ninth Avenue, New York, New York.

2.     At all relevant times, Defendant Uncle Jack's Steakhouse Midtown, Inc, ("Uncle Jack's Midtown") has been a corporation that owns and operates a restaurant at 44 West 56th Street, New York, New York.

3.     At all relevant times, Defendant Uncle Jack's of Bayside, Inc. has been a New York corporation that owns and operates a restaurant at 39-40 Bell Boulevard in Bayside, New York ("Uncle Jack's Bayside"). *Id.*

4.     Defendant William Degel was at all times relevant hereto Chief Executive Officer of Uncle Jack's 34th Street, Uncle Jack's Midtown, and Uncle Jack's Bayside.

5.     Degel owns 100 percent of the stock of Uncle Jack's 34th Street and Uncle Jack's Bayside and 75 percent of the stock of Uncle Jack's Midtown.

6.     Defendant Thomas Carpenter ("Carpenter") was Uncle Jack's Director of Operations and assisted Degel in running the three restaurants.

7.     Plaintiff Juan Alonso is an individual who was employed by Uncle Jack's Steakhouse, Inc. as a busser at 440 Ninth Avenue, New York, New York from March 13, 2007 through September 5, 2008.

8.     Plaintiff Abelardo Arias is an individual who Uncle Jack's Steakhouse, Inc. employed as a waiter at 440 Ninth Avenue, New York, New York from February 5, 2004 through September 5, 2008.

9.     Plaintiff Jaime Lopez is an individual who Uncle Jack's Steakhouse, Inc., and Uncle Jack's Bayside employed as a waiter at 440 Ninth Avenue, New York, New York and 39-40 Bell Boulevard, Queens, New York from February 5, 2004 through September 5, 2008.

10.     Plaintiff Ron Menin is an individual who Uncle Jack's Steakhouse, Inc. employed as a waiter at 440 Ninth Avenue, New York, New York from on or about March 1, 2004 until on or about March 31, 2007.

11.     Plaintiff Luis Naranjo is an individual who Uncle Jack's Steakhouse, Inc. and Uncle Jack's Bayside employed as a waiter at 440 Ninth Avenue, New York, New York and 39-40 Bell Boulevard, Queens, New York from February 5, 2004 through September 5, 2008.  Pl.

12.     Plaintiff Hector Olvera is an individual who Uncle Jack's Steakhouse, Inc. employed as a waiter at 440 Ninth Avenue, New York, New York from 2004 through September 5, 2008.

13.     Plaintiff Pedro Ortiz is an individual who Uncle Jack's Steakhouse, Inc., employed as a busser at 440 Ninth Avenue, New York, New York from on or about September 1, 2007 through September 5, 2008.

14.     Plaintiff Leonardo Prieto is an individual who Uncle Jack's Steakhouse, Inc., and Uncle Jack's have employed as a waiter at 440 Ninth Avenue, New York, New York from March 8, 2006 through September 5, 2008.

15.     Plaintiff Arkady Shteynberg is an individual who was employed by Uncle Jack's Steakhouse, Inc. as a waiter from on or about February 2006 until March 2006.  Uncle Jack's Steakhouse, Inc. employed Shteynberg as a captain from March 2006 until on or about October 1, 2007.  Uncle Jack's Midtown employed Shteynberg as a captain from on or about October 1, 2007 until on or about May 31, 2008.

16.     Plaintiff Victor Solis is an individual who Uncle Jack's Steakhouse, Inc., employed as a busser at 440 Ninth Avenue, New York, New York from on or about November 1, 2007 through September 5, 2008.

17.     Plaintiff Alejandro Torres is an individual who Uncle Jack's Steakhouse, Inc. employed as a waiter at 440 Ninth Avenue, New York, New York from on or about December 1, 2004 through September 5, 2008.

18.     Plaintiff Luis Xuruc is an individual who Uncle Jack's Steakhouse, Inc. employed as a runner from February 11, 2006 through September 5, 2008.

19.     Plaintiff Ivan Zapata is an individual who Uncle Jack's Steakhouse, Inc. employed as a waiter from on or about 2003 through September 5, 2008.

20.     Each Opt-In Plaintiff and class member was, at some point in time, employed by Uncle Jack's 34th Street, Uncle Jack's Midtown, or Uncle Jack's Bayside.

21.     At all relevant times Uncle Jack's Steakhouse, Inc., Uncle Jack's Bayside, and Uncle Jack's Midtown employed captains, waiters, bussers, runners, and bartenders who received tips as part of their compensation (hereinafter referred to as "Tipped Employees."

22.     Uncle Jack's Steakhouse, Inc. Uncle Jack's Bayside, and Uncle Jack's Midtown each at all relevant times deducted three percent (3%) from Tipped Employees' credit card tips for the purported reason of offsetting credit card processing fees.

### 6.   Plaintiffs' Assertions of Disputed Facts With Citations to the Evidentiary Record as required in Local Rule 56.1

#### a.   Uncle Jack's' Taking of 3% of Credit Card Tips

1.     All three Uncle Jack's restaurants operated on the basis of a "tip pool" in which all Tipped Employees (captains, waiters, bussers, runners, and bartenders) shared.  Def. Exs. Overton Dep. 98-100; Pl. Exs. 53-54; Pl. Ex. 78, UJ Midtown Dep. 41 .

2.     At each location, all tips were placed into a pool and divided among the Tipped Employees who worked at that location that night according to the number of points they were assigned.  Corcoran Dep. 39-42.

3.     Defendant Uncle Jack's Bayside cannot meet its burden of proving that it incurred 3% in credit card interchange fees (and was therefore entitled to take 3% of plaintiffs' credit card tips) because it has no records of what interchange fees, if any, it incurred. *See* Pretrial Statement, *passim*, which is devoid of any such records.

4.     Defendant Uncle Jack's Midtown cannot meet its burden of proving that it incurred 3% in credit card interchange fees (and was therefore entitled to take 3% of plaintiffs' credit card tips) because it has no records of what interchange fees, if any, it incurred.  See Pretrial Statement, *passim*, which is devoid of any such records.

7

5.    Defendant Uncle Jack's 34th Street cannot meet its burden of proving that it incurred 3% in credit card interchange fees (and was therefore entitled to take 3% of plaintiffs' credit card tips) because: (a) it has no records of what interchange fees, if any, it incurred for the period of time between December 1, 2005 and August 31, 2006 (*See* Pretrial Statement, which is devoid of any such records); and (b) for those periods of time for which it produced records, those records show it incurred interchange fees of less than 3%.  *See* Def.. Ex. "J."  Defendants produced additional records on January 27, 2012 (some 17 months after the close of discovery and Plaintiffs oppose the admission of such records or their use at trial).

### b.   Uncle Jack's' 25% Large Party Surcharge Was A "Gratuity."

6.    Uncle Jack's maintained a policy of charging a mandatory twenty-five percent gratuity for pre-booked or other large parties and required its patrons to execute a written contract verifying this surcharge.  Pl. Exs. 55, 56, 121-23, 127

7.    Uncle Jack's' 25% surcharge on large parties, under the law, was a gratuity, not a permitted administrative charge.  The law imposes "a rebuttable presumption that any charge in addition to charges for food, beverage, lodging, and other specified materials or services, including but not limited  to any charge for 'service' or 'food service,' is a charge purported to be a gratuity." N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.18(b). Furthermore, "[a] charge for the administration of a banquet, special function, or package deal shall be clearly identified as such and customers shall be notified that the charge is not a gratuity or tip," id., § 146-2.19(a), and "[t]he employer has the burden of demonstrating, by clear and convincing evidence, that the notification was sufficient to ensure that a reasonable customer would understand that such charge was not purported to be a gratuity." Id. § 146-2.19(b)."  Uncle Jack's cannot meet this burden because: (a) Uncle Jack's' large party contracts used only the phrase "service charge" to

8

describe the 25% charge; (Pl. Exs. 55, 56 and 58) (b) Uncle Jack's cannot produce the bills given

to the customers when they paid for large parties, giving rise to an inference that the bills would

support Plaintiffs' claims; and (c) those large party bills that still exist list the 25% charge as a

"gratuity" (Pl. Exs 64-66); (d) Uncle Jack's did not impose sales tax on the 25% surcharge as

required for administrative charges – further indicating it was a gratuity. (Pl. Exs. 55, 56 and 58);

and (e) Uncle Jack's recorded the payments to managers of large party tips on a document called

a "Tipout Log." (Pl. Ex. 54).

       8.   Uncle Jack's allowed managers to share in the large party tips.  Pl. Ex. 53, 54,

133; Pl. Ex. 78, UJ Midtown Dep. 37:13-20, 39:6-8. Managers can never share in employees'

tips, regardless of whether they perform service duties.  *See* Plaintiff's Trial Brief.  Regardless,

Uncle Jack's managers did not perform service duties at large parties and frequently were not

even present for parties for which they took part of the tips.  *See* Overton Dep. 95; Plaintiffs'

testimony, Part "9," Joint Pretrial Statement, including Arias, Black, Corcoran, Marrano,

Naranjo, J. Ortiz, and Overton.

       9.   Uncle Jack's' "party planners" also retained a portion of the gratuity.  Pl. Ex. 53,

54, and 133.  The duties of the "party planners" were to sit in an office in Uncle Jack's' Bayside

headquarters and solicit party business or to go into the field to solicit party business.  Party

planners had no role in providing any lunch or dinner service to Uncle Jack's' patrons. Pl. Ex.

79, Carpenter Dep. 71:4-10.

### c.  Overtime Pay

10. Uncle Jack's never paid any overtime to any of its tipped employees until 2008 when it began paying a very small amount of overtime. Pl. Ex. 3-12 (year-end payroll reports indicating an absence of overtime pay).

11. Plaintiffs frequently worked more than 40 hours per week without receiving overtime premium pay.  Pl. Ex. 46 and 47 (Uncle Jack's 34th Street timecards from May 14, 2007 until Sept. 5, 2008 indicating over 2,200 hours of unpaid overtime); Pl. Ex. 49 (evidence summary compiling those instances of unpaid overtime); Pl. Ex. 50 (exhibit summarizing the remarkable number of time Uncle Jack's happened to pay employees for precisely 40 hours of work but never for any overtime); See Testimony of Plaintiffs including Arias, Black, Corcoran, Monge, Shteynberg, Julian Ortz, Naranjo, Part "9," Joint Pretrial Statement.

### d.  Spread of Hours Pay

12. Uncle Jack's never paid any spread of hours pay to its tipped employees.  Pl. Ex. 3-12 (year-end payroll reports showing an absence of spread of hours pay); Pl. Ex. 78, UJ Midtown Dep. 24-25.

**13.** Plaintiffs frequently worked more than ten hours in a day or worked a split shift without receiving spread of hours pay. Pl. Exs. 47, 54, 59, 128.

### e.  Uniform Allowances

14. Uncle Jack's never paid any uniform allowances to its tipped employees.  Pl. Exs. 18-45 (Uncle Jack's payroll documents entitled "Employee Gross-to-Net" that are devoid of any uniform allowance pay).

15. Uncle Jack's required Plaintiffs wear either tuxedoes or uniforms that included a paisley vest of a specific distinctive type and style, color, and quality chosen by Uncle Jack's. Def. Exs. Marrano Dep., 63; Corcoran Dep. 36-37.

**f.   Single Employer Status of the Three Uncle Jack's Restaurants**

16. The three Uncle Jack's restaurants comprise a "single employer" because: (1) they have interrelated operations (Undisputed. Facts ¶ 6); (2) common management *(Id.)*; (3) centralized control of labor relations *(Id.;* Overton Testimony, Part "9," Joint Pretrial Statement); and (4) common ownership (Undisputed Facts ¶ 4).

17. Specifically, operations of all three restaurants were centrally controlled by Degel and Carpenter.  Pl. Ex. 77, Degel Dep. 31, Pl. Ex. 78, UJ Midtown Dep. 5-10, Pl. Ex. 79, Carpenter Dep. 8-9

18. Carpenter was in charge of labor relations for all three restaurants.  Pl. Ex. 77, Degel Dep. 31, Pl. Ex. 78, UJ Midtown Dep. 6-7, 42; Pl Ex. 79 Carpenter Dep., 8-9.

19. Degel and Carpenter were, during the relevant time periods, in charge of the management of all three restaurants.  Pl. Ex. 77, Degel Dep. 31.

20. Degel owned 100% of Uncle Jack's Bayside and Uncle Jack's 34th Street and 75% of Uncle Jack's Midtown.

**g.   Employer Status of Individual Defendants**

21. Defendant Thomas Carpenter ("Carpenter") is Uncle Jack's Director of Operations and assists Degel in running the three restaurants. Pl. Ex. 77, Degel Dep. 30-31.

22. Carpenter is involved in all aspects of Uncle Jack's business, including personnel decisions, employee compensation, marketing, payroll, and the creation of Uncle Jack's

handbooks consisting of uniform policies and procedures applicable to all Plaintiffs.  Pl. Ex.77, Degel Dep. 30:21-31:18; Pl. Ex. 78, UJ Midtown Dep. 6-8, Pl. Ex. 79, Carpenter Dep. 8.

23. Defendant Dennis Borysowski ("Borysowski") served as Uncle Jack's General Manager and his duties included, among other things, running Uncle Jack's payroll at the restaurants where he was employed. Pl. Ex. 77, Degel Dep. 32, Pl. Ex. 78, UJ Midtown Dep. 16-17; Pl. Ex. 79, Carpenter Dep. 13-14.

### h.  Uncle Jack's Failed To Pay a Cash Wage to Five Plaintiffs

24. Abelardo Arias' employment with Uncle Jack's began on February 5, 2004 2004. Undisputed Facts ¶ 8, *supra.*. Uncle Jack's paid no cash wage to Abelardo Arias prior to June 23, 2008.  Pl. Ex. 79, Carpenter Dep. 28-38, 44-45, Dep. Exs. 4-10.

25. Luis Xuruc's employment with Uncle Jack's began on February 11, 2006. Undisputed Facts ¶ 18, *supra.*.  Uncle Jack's paid no cash wage to Luis Xuruc prior to June 23, 2008.  Pl. Ex. 79,  Carpenter Dep. 28-38, 44-45, Dep. Exs. 4-10, Ex. 12.

26. Leonardo Prieto's employment with Uncle Jack's began on March 8, 2006. Undisputed Facts ¶ 14.  Uncle Jack's paid no cash wage to Leonardo Prieto prior to June 24, 2008. P. Ex. 79, Carpenter Dep. 44-45, Dep. Ex. 12.

27. Julian Ortiz's employment with Uncle Jack's began in 2002. Julian Ortiz Testimony, Part "9," Joint Pretrial Statement. Uncle Jack's paid no cash wage to Julian Ortiz until January 2008. Pl. Ex. 105.

28. Lukasz Kuchta's employment with Uncle Jack's began on September 1, 2005. Pl. Ex. 59. Uncle Jack's paid no cash wage to Lukasz Kuchta until January 2008. Pl. Ex. 59, 60.

### i.   Retaliation

29. Defendants Uncle Jack's Steakhouse, Inc. and William Degel retaliated against Plaintiffs Arias, Prieto and Zapata.  *See* Testimony of Arias, Prieto, and Zapata, Part "9," Joint Pretrial Statement.

30. After the filing of this Complaint, Defendants, in retaliation for Plaintiffs' filing of this Complaint, demanded that Plaintiff Leonardo Prieto produce evidence of his immigration status. Pl. Ex. "1", Am. Comp. ¶ 88; Testimony of Prieto, Part "9," Joint Pretrial Statement.

31. On or about September 25, 2008, Defendant William Degel, the owner of Uncle Jack's, telephoned Plaintiff Abelardo Arias.  In a belligerent tone, Degel confronted Arias about the lawsuit.  Testimony of Arias, Part "9," Joint Pretrial Statement.

32. Degel asked Arias why he was still working for Uncle Jack's after suing the restaurant.  Degel further said to Arias, "If you're not happy here you should quit."  Pl. Ex. "1," Am. Comp. ¶ 91, Arias Testimony, Part "9," Joint Pretrial Statement.

33. Degel made a similar telephone call Ivan Zapata.  Pl. Ex. "1," Am. Comp. ¶ 92, Zapata Testimony, Part "9," Joint Pretrial Statement.

### 7.   Defendants' Assertions of disputed facts with citations to the evidentiary records as required in Local Rule 56.1

a.   Employees of Uncle Jack's Restaurants earned far in excess of the minimum wage. Deposition of Jeffrey Greenberg p. 70; Deposition of Robert Morano p. 23; deposition of Victor Rivera pp. 39-40; Affidavit of Paul Leventhal Aff., ¶ 2; Affidavit of Jorge Prieto ¶ 2; Affidavit of Jeffrey Kleinman ¶ 2; Affidavit of Rufino De La Cruz ¶ 2; Affidavit of Angel Sinchi  ¶ 2; Affidavit of Tom 'O'Connor ¶ 2; Affidavit of Julio Ganzhi ¶ 2; Affidavit of David Gadlin ¶ 3;

13

Affidavit of Marco Tucuri ¶ 2; Affidavit of Robert Higgins ¶ 2; Robert Bastedo ¶ 2; Affidavit of Kevin Sullivan Aff ¶ 2; Geovenny Vgalle ¶ 2.

b.  The clothing that employees' were required to wear are of the type which could be worn outside of work. Affidavit of Paul Leventhal Aff., ¶ 5; Affidavit of Jorge Prieto ¶ 5; Affidavit of Jeffrey Kleinman ¶ 5; Affidavit of Rufino De La Cruz ¶ 5; Affidavit of Angel Sinchi ¶ 5; Affidavit of Tom 'O'Connor ¶ 5; Affidavit of Julio Ganzhi ¶ 5; Affidavit of David Gadlin ¶ 6; Affidavit of Marco Tucuri ¶ 5; Affidavit of Robert Higgins ¶ 5; Robert Bastedo ¶ 5; Affidavit of Kevin Sullivan Aff ¶ 5; Geovenny Vgalle ¶ 5, Deposition of Abelardo Arias pp. 93-95; Deposition of Victor Rivera pp. 65-66.Plaintiffs and Opt-ins often clocked in early, clocked out late, or forgot to clock-out at all, resulting in the timekeeping program containing errors that had to be corrected by management. Deposition of Thomas Carpenter pp. 134-38; Deposition of William Degel, pp. 78-91; Deposition of Robert Morano, pp. 24-37; Deposition of Michael Overton pp. 119-133; Deposition of Abelardo Arias pp. 67-71.

c.  Uncle Jack's restaurants had policies which stated that employees were not to work more than forty hours. Deposition of William Degel pp. 104-05; Deposition of Robert Morano p. 23; Deposition of Jeffrey Greenberg pp. 53-54; Affidavit of Paul Leventhal Aff., ¶ 3; Affidavit of Jorge Prieto ¶ 3; Affidavit of Jeffrey Kleinman ¶ 3; Affidavit of Rufino De La Cruz ¶ 3; Affidavit of Angel Sinchi ¶ 3; Affidavit of Tom 'O'Connor ¶ 3; Affidavit of Julio Ganzhi ¶ 3; Affidavit of David Gadlin ¶ 4; Affidavit of Marco Tucuri ¶ 3; Affidavit of Robert Higgins ¶ 3; Robert Bastedo ¶ 3; Affidavit of Kevin Sullivan Aff ¶ 3; Geovenny Vgalle ¶ 3.

d.  Uncle Jack's restaurants had policies which required that parties which signed a contract for service would pay a 20% or 25% service charge.  The service charge would be distributed to the   the managers, captains, waiters, bussers, bartenders and on occassion a party planner who helped book and carry out the party to the customers' ' satisfaction. Dennis Borosowski Deposition, p. 110.

e.  In addition to the three percent credit card charge there were charge backs for unpaid bills, special card charges and gift cards which raised the amount that the restaurants paid for operating the credit card processing above three percent. William Degel Deposition pp. 83-84; Ex. F, letter from Psyllos and Psyllos.

f.  Mr. Degel reasonably believed that no employees worked more than forty hours in a week as was Uncle Jack's restaurants' policies. William Degel Deposition 104-05.

**8.  Brief listing of issues of law to be decided by the Court, tracking issues of law fully developed in separate memorandum of law submitted in accordance with the scheduling order.**

1)  What are the parties' respective burdens on the issue of whether Defendants' deduction of 3% from Plaintiffs' credit card tips was lawful or unlawful?

a) Is there a "di minimis" exception to the rule that restaurants must ensure their employees receive all of their tips in order to qualify for a "tip credit" regarding monies taken from tips to cover credit card charges?"

b)  If Defendants took any portion of Plaintiffs' tips, what remedies are Plaintiffs entitled to receive?

2)  What are the parties' respect burdens with respect to whether Defendants' taking of a portion of the 25% surcharge it imposed on large parties was lawful or unlawful?

3)   May Managers can participate in a tip pool if they: (a) they perform service duties; or (b) do not meet the definition of an "employer" under the FLSA?

4)   Under what circumstances, if any, may "party planners" participate in a tip pool?

5)   What records were Defendants required to keep and what is the legal effect if Defendants failed to keep certain records required by the NYLL or FLSA?

6)   Under what circumstances are tipped employees entitled to spread of hours pay?

7)   Under what circumstances are tipped employees entitled to uniform allowances?

     a)   Are tuxedoes were "uniforms" for which Uncle Jack's was obligated to pay cleaning allowances?

     b)   Are paisley vests and other work clothing "uniforms" for which Uncle Jack's was obligated to pay cleaning allowances?

8)   If an employee received only tips as compensation, what remedy is the employee entitled to receive?

9)   What legal standard applies to the issue of whether the three Uncle Jack's restaurants comprise a "single employer?"

10)   What legal standard applies to the issue of whether the three individual defendants are "employers" for purposes of the FLSA and New York Labor Law?

11)   What legal standard applies to the issue of whether Defendants' conduct is "willful" for purposes of the FLSA and NYLL?

12)   What legal standard applies to the issue of whether Defendants are liable for liquidated damages under the FLSA?

13)   Do the NYLL amendments imposing 100% liquidated damages under the NYLL apply retroactively?

14)   How is overtime pay calculated in the event the jury determines that the 25% charge added for large parties is a "compulsory charge for service" and not a "tip?"

15) Defendants are liable for retaliation if their conduct towards plaintiffs if a reasonable employee would have found defendants' actions materially adverse.

**9. Alphabetical list of witnesses to be called at trial for each Party and a brief summary of the testimony of each witness (one paragraph at most) if two or more witnesses will testify to the same facts, state why their testimony will not be cumulative.**

**A. Plaintiffs' Witnesses**

1. **Abelardo Arias** (Plaintiff – 34th St.)  will testify about Defendants' failure to pay overtime, minimum wage, spread of hours pay or uniform allowances, unlawful taking of tips and retaliation. He will testify to Defendants' failure to pay him anything other than tips until June 2008. He will also testify to management roles played by individual Defendants and retaliation after the filing of the complaint.

2. **William Black** (Plaintiff -34[th] St. and Bayside)  will testify about Defendants' failure to pay overtime, minimum wage, spread of hours pay or uniform allowances, and unlawful taking of tips. He will also testify to management roles played by individual Defendants.  The testimony of Black and the other witnesses listed below is not cumulative because the testimony is intended to be representative of a larger group of employees.

3. **Jeremy Cohen** (Plaintiff – 34th St.)  will testify about Defendants' failure to pay overtime, minimum wage, spread of hours pay or uniform allowances, unlawful taking of tips and retaliation.

4. **William Corcoran** (Plaintiff – 34th St.) will testify about Defendants' failure to pay overtime, minimum wage, spread of hours pay or uniform allowances, and unlawful taking of tips. He will also testify to management roles played by individual Defendants.

5. **Jonathan Harris** (Plaintiff – 34th St.) Same as above.

6. **Jeffrey Greenberg** (Plaintiff- 34th St. and Midtown)  Same as above.

7. **Lukasz Kuchta**  (Plaintiff – 34th St. and Midtown)  Same as above as well as Defendants' failure to pay him anything other than tips for several years of his employment.

8. **Seth Lewandowski** (Plaintiff – 56th St. and Midtown) will testify about Defendants' failure to pay overtime, minimum wage, spread of hours pay or uniform allowances, and unlawful taking of tips. He will also testify to management roles played by individual defendants.

17

9.  **Christian Lohse** (Plaintiff – 56th St.)  Same as above.

10. **Jaime Lopez** (Plaintiff – 34th St.) Same as above.

11. **Ira Mandel** (Former manager – 34th St.) Authentication/explanation of tip-out logs (if necessary).  *See* Plaintiffs' Ex. "53."

12. **Robert Marrano**  (Plaintiff – 34th St.) Defendants' unlawful taking of tips.

13. **Ron Menin** will testify about Defendants' failure to pay overtime, minimum wage, spread of hours pay or uniform allowances, and unlawful taking of tips. He will also testify to management roles played by individual defendants.

14. **Filiberto Monge**  will testify about Defendants' failure to pay overtime, minimum wage, spread of hours pay or uniform allowances, and unlawful taking of tips. He will also testify to management roles played by individual defendants.

15. **Kim Myers** (Paralegal, Fugazy & Rooney LLP)  will testify to the creation of evidence summaries.

16. **Luis Naranjo** (Plaintiff – 34th St. and Bayside) will testify about Defendants' failure to pay overtime, minimum wage, spread of hours pay or uniform allowances, and unlawful taking of tips. He will also testify to management roles played by individual Defendants.

17. **Oscar Ochoa** (Plaintiff – Bayside) will testify about Defendants' failure to pay overtime, minimum wage, spread of hours pay or uniform allowances, and unlawful taking of tips. He will also testify to management roles played by individual defendants.

18. **Julian Ortiz** (Plaintiff – Bayside, 34th St. and 56th St.) will testify about Defendants' failure to pay overtime, minimum wage, spread of hours pay or uniform allowances, and unlawful taking of tips. He will also testify to management roles played by individual defendants.  He will also testify to Defendants' failure to pay him anything other than tips for almost all of his employment.

19. **Pedro Ortiz** (Plaintiff – 34th St.) will testify about Defendants' failure to pay overtime, minimum wage, spread of hours pay or uniform allowances, and unlawful taking of tips. He will also testify to management roles played by individual defendants.

20. **Michael Overton** (Plaintiff – 34th St.) Same as above.

21. **Hector Perez** (Plaintiff – 34th St. ) Same as above.

22. **Leonardo Prieto** (Plaintiff – 34th St.) Same as above.  Additionally he will testify to Defendants' failure to pay him anything other than tips for most of his employment and to retaliatory demands that he prove his immigration status after this complaint was filed.

23. **Victor Rivera** (Plaintiff – 34th St.) will testify about Defendants' failure to pay overtime, minimum wage, spread of hours pay or uniform allowances, and unlawful taking of tips. He will also testify to management roles played by individual defendants.

24. **Aaron Shteynberg** (Plaintiff – 34th St. and Midtown)  will testify about Defendants' failure to pay overtime, minimum wage, spread of hours pay or uniform allowances, and unlawful taking of tips. He will also testify to management roles played by individual defendants.

25. **Allison Vieyra** (Paralegal – Fugazy & Rooney LLP) will testify to the creation of evidence summaries.

26. **Luis Xuruc** (Plaintiff – 34th St.) will testify about Defendants' failure to pay overtime, minimum wage, spread of hours pay or uniform allowances, and unlawful taking of tips. He will also testify to management roles played by individual Defendants.  Additionally, he will testify to Defendants' failure to pay him anything other than tips for most of his employment.

27. **Ivan Zapata** (Plaintiff -34[th] St.) will testify about Defendants' failure to pay overtime, minimum wage, spread of hours pay or uniform allowances, and unlawful taking of tips. He will also testify to management roles played by individual Defendants.

## B.  Defendants' Witness List

1. **Gerald Ambrose** (Bar Manager – Bayside) will testify about the duties of a bartender at the Bayside location.  The hours and schedule, the tip pool, clothing/uniform costs in relation to minimum wage and credit cards fees.

2. **Robert Bastedo** (Bartender – 34th St.) - He will testify about the duties of a bartender at 34th street, the hours and schedule, the tip pool, clothing/uniform costs in relation to minimum wage and credit cards fees.

3. **Dennis Borysowski** (Defendant & Former Manager) Mr. Boroyowski is a defendant and a former restaurant manager for Uncle Jacks.  He will testify about Uncle Jack's policy of not permitting employees to work more than 40 hours in a week and about managers working as servers at various private parties. He will testify about the need

to correct the weekly time records to accurately reflect the true hours worked by the employees.

4. **Jofre Bravo** (Waiter – 56th St.) is a waiter at the 56th Street location.  He will testify about the duties of a waiter at the 56th Street location.  The hours and schedule, the tip pool, clothing/uniform costs in relation to minimum wage and credit cards fees.

5. **Thomas Carpenter** (Defendant & Manager) Mr. Carpenter is a defendant and the former office manager for Uncle Jacks.  He will testify about the implementation and enforcement of the no employee being permitted to work more than 40 hours in a week.  He will testify about the various time keeping programs in use at the various locations.

6. **Adrian Cristescu** (Waiter – 34th St.) is a waiter at the 34th Street location.  He will testify about the duties of a waiter at the 34th Street location.  The hours and schedule, the tip pool, clothing/uniform costs in relation to minimum wage and credit cards fees.

7. **William Degel** (Defendant & Owner) Mr. Degel will testify about his background and start in the business and the expansion of the Uncle Jack's name over time. Mr. Degel will testify that he has never taken money from the tip pool, that he asked managers to implement a policy that no one was permitted to work more than 40 hours in a week, that he has permitted restaurant managers to be included in the tip pool only when dealing with private parties, as they work in the capacity of wait staff and that he takes 3% of each credit card charge to cover the Credit Card fees, charge backs and miscellaneous costs that are passed on from the various credit card agencies to UJ and sometimes not passed on to the staff.

8. **Tracy Friedman** (Captain – Bayside)  is a Captain at the Bayside location. He will testify about the duties of a Captain at Bayside, work hours and schedule, the tip pool, clothing/uniform costs in relation to minimum wage and credit cards fees.

9. **David Gadlin** (Captain – 34th / Manager at Bayside) – He will testify about Uncle Jack's tip pool, private party policies as a Captain at 34th Street and as a Manager at Bayside.

10. **Arthur Giron** (Manager – 56th St.) - He will testify about Uncle Jack's policy of not permitting employees to work more than 40 hours in a week and about managers working as servers at various private parties. He will testify about the need to correct the weekly time records to accurately reflect the true hours worked by the employees.

11. **Alex Hernandez** (Waiter – Bayside) - is a waiter at the 56th Street location.  He will testify about the duties of a waiter at the 56th Street location.  The hours and schedule, the tip pool, clothing/uniform costs in relation to minimum wage and credit cards fees.

12.  **Giovanni Martinez** (Busser – Bayside) – He will testify about the duties of a busser at the Bayside location, the work hours and schedule, the tip pool, clothing/uniform costs in relation to minimum wage and credit cards fees.

13. **Wilson Molina** (Captain – 56th St.) is a Captain at the 56th Street location. He will testify about the duties of a Captain at 56th street, work hours and schedule, the tip pool, clothing/uniform costs in relation to minimum wage and credit cards fees.

14. **Michael Moran** (Manager – Bayside and 56th St.) He will testify about Uncle Jack's policy of not permitting employees to work more than 40 hours in a week and about managers working as servers at various private parties. He will testify about the need to correct the weekly time records to accurately reflect the true hours worked by the employees.

15. **Jorge Prieto** (Runner – 56 St.) is a waiter at the 56th street location.  He will testify about the duties of a waiter at the 56th Street location.  The hours and schedule, the tip pool, clothing/uniform costs in relation to minimum wage and credit cards fees.

16.  **John Reed** (Bartender – Bayside) He will testify about the duties of a bartender at the Bayside location.  The hours and schedule, the tip pool, clothing/uniform costs in relation to minimum wage and credit cards fees.

17. **Muhammed Yaseen** (Manager- 34th St.) He will testify about Uncle Jack's policy of not permitting employees to work more than 40 hours in a week and about managers working as servers at various private parties. He will testify about the need to correct the weekly time records to accurately reflect the true hours worked by the employees.

**10. List of each Party's exhibits to be offered at trial, including the other Party's objections, if any, and the specific factual as well as legal basis for objections as to admissibility, listed on the same page in an adjacent column.  The proponent should address briefly and specifically the objection raised.**

### a.  Plaintiffs' Witness List

| No. | Description | Bates Nos. if applicable) | Objection | Plaintiffs' Response to |
|-----|-------------|---------------------------|-----------|--------------------------|
| 1 | Amended Complaint | | | |
| 2 | Answer to Amended Complaint | | | |
| 3 | UJ 34th Street Employee Gross to Net Report 9/30/2008 | UJ 1233-1234 | | |
| 4 | UJ 34th Street Employee    Gross to Net Year-End Report 2007 | UJ 3570 | | |
| 5 | UJ 34th Street Employee Gross to Net Year-End Report 2006 | UJ 3158 | | |

| | | | |
|---|---|---|---|
| 6 | UJ 34th Street Employee Gross to Net Year-End Report 2005 | UJ 5469 | |
| 7 | UJ Bayside Employee Gross to Net Report 9/30/2008 | UJ 3635-36 | |
| 8 | UJ Bayside Employee Gross to Net Year-End Report 2007 | UJ 2164 | |
| 9 | UJ Bayside Employee Gross to Net Year-End Report 2006 | UJ 4212 | |
| 10 | UJ Bayside Employee Gross to Net Year-End Report 2005 | UJ 5688 | |
| 11 | UJ 56th Street Employee Gross to Net Report 9/30/2008 | UJ 0957-0958 | |
| 12 | UJ 56th Street Employee Gross to Net Year End Report  2007 | UJ 0845 | |
| 13 | UJ 34th Street Payroll Registers | UJ      1133-34, 1465-68,   3261-63, 3378, 3422-23,      1580-82, 3831-33,   4328-33,   3441-3442, 4456-48,   2850-52, 4673, 4676, 4807-4809 | |
| 14 | UJ 56th Street Payroll Registers | UJ 0770-72, 4222-4224, 2175-76, 0870-0872 | |
| 15 | UJ Bayside Payroll Registers | UJ 4053-4054, 4121-22, 0625-26, 3767-69, 3576-77 | |
| 16 | Defendants' Response to Admission Request | | |
| 17 | Defendants' Amended Response to Plaintiff's Third Request for Admission | | |
| 18 | UJ 34th Street Employee Gross to Net 10/1/05 – 12/31/05 | UJ 5578 – 5650 | |
| 19 | UJ 34th Street Employee Gross to Net 1/1/06 – 3/31/06 | UJ 4813-4902 | |
| 20 | UJ 34th Street Employee Gross to Net 4/1/2006 – 6/30/06 | UJ 2719-2810 | |
| 21 | UJ 34th Street Employee Gross to Net 7/1/06 – 9/30/06 | UJ 2853-2920 | |

| 22 | UJ 34th Street Employee Gross to Net 10/1/06 – 12/31/06 | UJ 3077-3155 | | |
|----|---------------------------------------------------------|--------------|---|---|
| 23 | UJ 34th Street Employee Gross to Net 1/1/2007 – 3/31/2007 | UJ 2279 – 2371 | | |
| 24 | UJ 34th Street Employee Gross to Net 4/1/2007 – 6/30/07 | UJ 3835 - 3916 | | |
| 25 | UJ 34th Street Employee Gross to Net 7/1/07 – 9/30/07 | UJ 1583 -1663 | | |
| 26 | UJ 34th Street Employee Gross to Net 10/1/07 -12/31/07 | UJ 3459 - 3568 | | |
| 27 | UJ 34th Street Employee Gross to Net 1/1/08 – 3/31/08 | UJ 3264-3357 | | |
| 28 | UJ 34th Street Employee Gross to Net 4/1/08 – 6/30/08 | UJ 1953-2063 | | |
| 29 | UJ 34th Street Employee Gross to Net 7/1/08 – 9/30/08 | UJ 1138-1232 | | |
| 30 | Evidence Summary: Annual Tips according to Uncle Jack's payroll records | | | |
| 31 | UJ Bayside Employee Gross to Net 10/01/05 – 12/31/05 | UJ 5651-5688 | | |
| 32 | UJ Bayside Employee Gross to Net 4/1/06 – 6/30/06 | UJ 4055 – 4103 | | |
| 33 | UJ Bayside Employee Gross to Net 7/1/06 – 9/30/06 | UJ 4123 – 4160 | | |
| 34 | UJ Bayside Employee Gross   to Net 10/1/06 – 12/31/06 | UJ 4175 – 4211 | | |
| 35 | UJ Bayside Employee Gross to Net 1/1/07 – 3/31/07 | UJ 0628-665 | | |
| 36 | UJ Bayside Employee Gross to Net 4/1/07 – 6/30/07 | UJ 0718-0750; 2064-66 | | |
| 37 | UJ Bayside Employee Gross to Net 7/1/07 – 9/30/07 | UJ 2077- 2112 | | |
| 38 | UJ Bayside Employee Gross to Net 10/1/07 – 12/31/07 | UJ 2123 -2163 | | |
| 39 | UJ Bayside Employee Gross to Net 1/1/08 – 3/31/08 | UJ 3996 - 4037 | | |
| 40 | UJ Bayside Employee Gross to Net 4/1/08 – 6/30/08 | UJ 3770 – 3815 | | |
| 41 | UJ Bayside Employee Gross to Net 7/1/08 – 9/30/08 | UJ 3579 – 3615 | | |
| 42 | UJ Midtown (56th Street) Employee Gross to Net 10/1/2007 – 12/31/2007 | UJ 0773 – 0884 | | |

23

| 43 | UJ Midtown (56th Street) Employee Gross to Net 1/1/08-3/31/08 | UJ 4225 – 4299 | | |
|----|------------------------------------------------------------------|----------------|--|--|
| 44 | UJ Midtown (56th Street) Employee Gross to Net 4/1/08-6/30/08 | UJ 2179 -2251 | | |
| 45 | UJ Midtown (56th Street) Employee Gross to Net 7/1/08-9/30/08 | UJ 0873 -0947 | | |
| 46 | Weekly Timecards, Uncle Jack's 34th Street from May 27, 2007 – September 28, 2008 | UJ 5689-5949 | | |
| 47 | Daily Timecards Uncle Jack's 34th Street from May 27, 2007 – September 28, 2008 | UJ 5960-6720 | | |
| 48 | Uncle Jack's Bayside Daily Timecards for Dec. 14, 2006 – July 29, 2007 | UJ 7271 | | |
| 49 | Evidence Summary – OT Hours on Uncle Jack's Timecards 5/21/07-9/5/08 – 34th Street | | | |
| 50 | Evidence Summary: Number of times employees paid for precisely 40 hours according to Uncle Jack's Payroll Records | | | |
| 51 | Evidence Summary: Amount of Large Party Tips Given To Managers According to Tipout Logs -34th Street | | | |
| 52 | Evidence Summary: amount of regular hours worked by all tipped employees according to Uncle Jack's payroll records | | | |
| 53 | Mandel Affirmation Certifying Authenticity of Tip Logs | | Hearsay Document | Admissible under FRE 902(11) |
| 54 | TIPOUT LOGS | P2119 - 3274 | | |
| 55 | UJ 34th Street Large Party Contracts | UJ 5386-5459 | | |
| 56 | Bayside Large Party Sales | UJ 06823-06825 | | |
| 57 | Rivera Hours Slips | P 1910, 2083, 2084 | | |
| 58 | Uncle Jack's Large Party | UJ07115-07235 | | |

| | Contracts - Midtown | | | |
|---|---|---|---|---|
| 59 | Kuchta Hours Records | P 2096-2118 | | |
| 60 | Arias Timecards | P 860, attached to Reply Aff. opposing motion to dismiss | | |
| 61 | Arias Paystubs | P 806-859, 861, 863, 869-964, 966, 968 | | |
| 62 | Monge Timecards | Attached to Aff. opposing motion to dismiss | | |
| 63 | Corcoran Check Stubs | P 1010-1025, 1032, 1036, 1038-39, 1042-43, 1045, 1048, 1052, 1054-55 | | |
| 64 | Large Party Bill | P1067 | | |
| 65 | Large Party Bill | P1092 | | |
| 66 | Large Party Bill | P 1096 | | |
| 67 | Lopez Check Stubs | P 1115-1121, 1124, 1126, 1128, 1130. 1132-33, 1137-39, 1141-46, 1148-49, 1151-53, 1155, 1158-59, 1163-64, 1168-1172, 1174-1176, 1178-79, 1181-82, 1186, 1190, 1192, 1194-96, 1198, 1203, 1206, 1208, 1213, 1217-19, 1224, | | |
| 68 | Zapata Check Stubs | 1299, 1303, 1313, 1315-16, 1320, 1327, 1336,37 | | |
| 69 | Party Gratuity Breakdown Sheets | P 1542, 1543, 1544 | | |

| 70 | Xuruc W-2 and Check Stubs | P 1580-1626 | | |
|---|---|---|---|---|
| 71 | Cohen Payroll records | P 201-279 | | |
| 72 | Harris, John Payroll Records | P 280-300 | | |
| 73 | L Kuchta Payroll Records | P 349-381 | | |
| 74 | Monge Payroll Records | P 401-494; 764-773 | | |
| 75 | Lewandowski Payroll Records | P 722-753 | | |
| 76 | Lohse Payroll Documents | 1678-1822 | | |
| 77 | Deposition of William J. Degel | | | |
| 78 | Deposition of Uncle Jack's Midtown | | | |
| 79 | Deposition of Thomas Carpenter | | | |
| 80 | Alonso, Juan Pay Records | UJ2278, 3834, 1819, 2543-44, 1694-95, 1139, 3264-65, 1469, 1953, 1138 | | |
| 81 | Arias, Abelardo Pay Records | UJ1698, 1143 | | |
| 82 | Black, William Pay Records | UJ5659-60, 5580-81, 4818-19, 2723-25, 2857-58, 3084-85, 2287, 4607-08, 4131-32, 4182-83 | | |
| 83 | Cavero, Luis Pay Records | UJ5584-85, 4825-26, 2731-32, 2865-66, 3090-91, 2293-94 | | |
| 84 | Celaj, Mersid Pay Records | UJ4188-89, 0690-91, 0727, 2085-86, 2133-34, 4007-08, 3783-84, 3595-96 | | |
| 85 | Cohen, Jeremy Pay Records | UJ4830-31, 2738 | | |
| 86 | Corcoran, Bill Pay Records | UJ5588-89, 4832-33, 2739-41, 2868-69, 3093-94, 2295-96, 1831-32, 1601-02, 2564- | | |

| | | | | |
|---|---|---|---|---|
| | | 65, 3282-83, 1485-86, 1159-60 | | |
| 87 | Greenberg, Jeffrey Pay Records | UJ2569, 3474, 3295-96, 1496, 1981, 1168-69 | | |
| 88 | Harris, John Pay Records | UJ3472-73, 3297-98, 1982-83, 1170-71 | | |
| 89 | Holmes, Rizo Pay Records | UJ3105-06, 3861-62 | | |
| 90 | Kuchta, Lukas Pay Records | UJ0809, 4263-64, 2215-16, 0912-13 | | |
| 91 | Layton, Jonathan Pay Records | UJ2771, 2893 94, 3112-13, 2316-17, 1850, 3866 | | |
| 92 | Leal, Jesus Pay Records | UJ2584-85 | | |
| 93 | Lewandowski, Seth Pay Records | UJ2896, 3114-15, 2318, 2217-18, 0916-17 | | |
| 94 | Lopez, Jaime Pay Records | UJ5612-13, 4864 65, 2773-75, 2897-98, 3116-17, 2321-22, 1853-54, 1623-24, 2586-87, 3307-08, 1509-10, 1178-79 | | |
| 95 | Lynch, John Pay Records | UJ4200-01, 0702-03, 0737-38, 2095-96, 2147-48, 4021-22 | | |
| 96 | Marrano, Robert Pay Records | UJ3118-19, 3877, 1860, 1629, 3705, 2594-95, 1402-03, 1515-15, 1185, 1200 | | |
| 97 | McClellan, John Pay Records | UJ2596-97, | | |

| | | 3315-16, 2001-02, 1198-99 | | |
|---|---|---|---|---|
| 98 | Medina, Eustequio Pay Records | UJ3706, 1632, 2598 | | |
| 99 | Menin, Ron Pay Records | UJ5614-15, 4866-67, 2780-81, 2901-02, 3120-21, 2328-29 | | |
| 100 | Mesharafa, Riad Pay Records | UJ5616-17, 4868-69, 2782-83, 2903-04, 3122-23, 2330-31, 1862, 1633 | | |
| 101 | Monge, Filiberto Pay Records | UJ5618-19, 4870-71, 2784-86, 2907-08, 3126-27, 2335-36, 3884, 1867, 1638-39, 2604-05, 1410-1411, 1521-22, 1196-97 | | |
| 102 | Naranjo, Luis  Pay Records | UJ5621-22, 4874-76, 2789-90, 2909-10, 3128-29, 2337-38, 3886, 1869, 3715, 1641, 2609-10, 3326, 1416, 1523, 2007, 1191-93 | | |
| 103 | Ochoa, Oscar Pay Records | UJ5680-81, 4089-91, 4152-53, 4204-05, 0707-08, 0743-44, 2101-02, 2153-54, 4026-27, 3800 | | |
| 104 | Odavic, L. Pay Records | UJ0819-20, 4274-75 | | |
| 105 | Ortiz, Julian Pay Records | UJ4276-77, 2225-26, 0926-27 | | |
| 106 | Ortiz, Pedro Pay Records | UJ2616, 3322- | | |

| | | | | |
|---|---|---|---|---|
| | | 23, 1528-29, 1186 | | |
| 107 | Overton, Michael Pay Records | UJ5625-26, 4879-80, 2791-92, 2911-12, 2344-45, 3893-94, 3720-21, 2617, 3554, 2014-15, 1203-04 | | |
| 108 | Perez, Hector Pay Records | UJ4881-82, 2794-96, 2913-14, 3136-37, 2623, 2352-53, 3900, 1883, 1652-53, 1423-24, 1532, 2017, 1766-67 | | |
| 109 | Prieto, Leonardo Pay Records | UJ2019, 1207-08 | | |
| 110 | Rivera, Vic Pay Records | UJ2802-03, 2915-16, 3140-41, 2356-57, 3902, 1885, 1654-55, 3543, 2630, 1425-26, 1537, 2020, 1211-12 | | |
| 111 | Scotti, Charles | UJ4292, 2243, 0948-49 | | |
| 112 | Shteynberg, Aaron Pay Records | UJ4891-92, 2807-09, 2920-21, 3146-47, 2360-61, 3906, 1889, 1657-58, 2634, 0835-36, 2245-46 | | |
| 113 | Sideris, Peter Pay Records | UJ5636-37, 4893-94, 2810-12, 2922-23, 3148-49, 2362-63, 3908, 1891, 1659 | | |
| 114 | Solis, Victor Pay Records | UJ2635-36, | | |

| | | | | |
|---|---|---|---|---|
| | | 1544-45, 1805-06 | | |
| 115 | Torres, Alejandro Pay Records | UJ5641-42, 4897-98, 2814-16, 2925, 3150-51, 2365-66, 1893-94, 1660-61, 3561, 2640, 1435-36, 1548-49, 1801-02 | | |
| 116 | Xuruc, Luis Pay Records | UJ2036, 1229-1230 | | |
| 117 | Zapata, Ivan Pay Records | UJ5645-46, 4900-01, 2819-21, 2930-31, 3156-57, 2372-73, 1897-98, 1664-65, 2647-48, 1439-40, 1553-54, 1231-32 | | |
| 118 | Evidence Summary: Number of weeks each Plaintiff was employed - Uncle Jack's 34th Street | | | |
| 119 | Evidence Summary: Number of weeks each Plaintiff was employed - Uncle Jack's Bayside | | | |
| 120 | Evidence Summary: Number of weeks each Plaintiff was employed – Uncle Jack's Midtown | | | |
| 121 | Evidence Summary: Uncle Jack's Large Party Contracts amount of 25% Charge – 34th Street | | | |
| 122 | Evidence Summary: Uncle Jack's Large Party Contracts amount of 25% Charge - Midtown | | | |
| 123 | Evidence Summary: Uncle Jack's Large Party Contracts amount of 25% Charge - Bayside | | | |
| 124 | Evidence Summary: Number of Employees per week – 34th Street | | | |
| 125 | Evidence Summary: Number of Employees per week - Bayside | | | |
| 126 | Evidence Summary: Number of Employees per week - Midtown | | | |

| 127 | Uncle Jack's 34th Street Large Party Contracts | UJ5386- 5459 | | |
|-----|-----|-----|-----|-----|
| 128 | Evidence Summary: Shifts Worked According To Uncle Jack's Tip Logs | | | |
| 129 | Evidence Summary: Weeks FLSA Plaintiffs Were Employed within the Statute of Limitations Period | | | |
| 130 | Demonstrative Exhibit: Total Hours of FLSA Plaintiffs by Year | | FRE – 1006  Not for admission | Admissible under FRE 1006; voluminous documents; objection raised for first time on 7/2/12 |
| 131 | Demonstrative Exhibit: Plaintiffs' Damages from Unpaid Overtime | | FRE – 1006  Not for admission | Admissible under FRE 1006; voluminous documents; objection raised for first time on 7/2/12 |
| 132 | Demonstrative Exhibit: Plaintiffs' Damages From Uncle Jack's Taking of 3% of Plaintiffs' Credit Card Tips | | FRE – 1006  Not for admission | Admissible under FRE 1006; voluminous documents; objection raised for first time on 7/2/12 |
| 133 | Demonstrative Exhibit: Plaintiffs' Damages From Uncle Jack's Taking of Plaintiffs' Large Party Tips | | FRE – 1006  Not for admission | Admissible under FRE 1006; voluminous documents; objection raised for first time on 7/2/12 |
| 134 | Demonstrative Exhibit: Plaintiffs' Damages From Uncle Jack's Unlawful Taking of Tip Credits | | FRE – 1006  Not for admission | Admissible under FRE 1006; voluminous |

| | | | documents; objection raised for first time on 7/2/12 |
|---|---|---|---|
| 135 | Demonstrative Exhibit: Plaintiffs' Damages from Uncle Jack's Failure to Pay Spread of Hours Pay | | FRE – 1006

Not for admission | Admissible under FRE 1006; voluminous documents; objection raised for first time on 7/2/12 |
| 136 | Demonstrative Exhibit: Plaintiffs' Damages From Uncle Jack's Failure To Pay Uniform Allowances | | FRE – 1006

Not for admission | Admissible under FRE 1006; voluminous documents; objection raised for first time on 7/2/12 |
| 137 | Demonstrative Exhibit: Average Number of Tipped Employees Working Each Day at Each Restaurant | | FRE – 1006

Not for admission | Admissible under FRE 1006; voluminous documents; objection raised for first time on 7/2/12 |
| 138 | Demonstrative Exhibit: Calculation of Plaintiffs' Regular Rate With Service Fee If Jury Finds Large Party Surcharge Was Not a Gratuity | | FRE – 1006

Not for admission | Admissible under FRE 1006; voluminous documents |
| 139 | Demonstrative Exhibit: Plaintiffs' Damages From Unpaid Overtime If Jury Finds Large Party Surcharge Was Not a Gratuity | | FRE – 1006

Not for admission | Admissible under FRE 1006; voluminous documents |

**B. Defendants' Exhibit List**

| L | Description | Bates Nos. (if applicable) | Objection | Defendant's Response to Obj. |
|---|---|---|---|---|
| A | 1/19/2009 Letter from accountants | 07270UJ | Document is unsworn hearsay (Rule 602, 801-803) purportedly stating the amount of credit card fees Uncle Jack's 34th St. incurred and inadmissible any purpose other than the truth of the matter asserted.  It would be unfairly prejudicial to admit it for any "other purpose." | Offered under FRE – 1006 as a summary. |
| B | HSBC Deposit Records-2005-4[th] quarter, 2006-1[st],2[nd],3[rd],4[th] quarters,2007-1[st] and 2nd quarters | 6721- 6822 | | |
| C | Amex- Transaction detail information(2009) | 5522-5577UJ | | |
| D | Investigative file on Ira Mandel | 8559-8580 | | |
| E | Clock-in Report (2007) | 5950,5954,5956-5957,5960,5968,5981-5983,5991-5995,5999-6000,6010-6011,6013,6016,6018-6022,6028-6030,6059- | | |

|   |   |   |   |   |
|---|---|---|---|---|
|   |   | 6060,6069,6087,6096-6098,6120-6121,6124,6130,6133-6135,6141-6142,6156 |   |   |
| F | Credit Card Records | 7862-7982,7985-8279 | Not produced until 17 months after discovery ended. Inadmissible under Rule 6(a)(i)(A)(ii); Rule 37 | Produced under continuing obligation. Rule 26(a)(1) |
| G | Payroll Journal (2004&2005) | 8280-8558 | Not produced until 17 months after discovery ended. Inadmissible under Rule 26(a)(i)(A)(ii); Rule 37 | Produced under continuing obligation. Rule 26(a)(1) |
| H | 6-14-02 letter certifying Arias' employment with Royal Caribbean International and Celebrity Cruises | N/A |   |   |
| I | Arias'(2003) w-4 Form, Identification, Employment Eligibility Verification Form | N/A | Unfair prejudice of inquiry into immigrations status substantially outweighs its probative value Rules 401-403. | Issue of multiple social security numbers. Directly to credibility – Rule 404 |
| J | Arias' (2008) w-4 Form | N/A |   |   |
| K | Arias' (2008) Tax form 1040 | P1001-1006 |   |   |
| L | Check Stubs Jan 2008 to June 2008 | P0937-P0954,P0956,P0958,P0960,P0963-P0964,P0966,P0968 |   |   |
| M | Arias' Time Card-6/11/06&6/18/06 | P0858,P0860 |   |   |
| N | Plaintiff Abelardo | N/A |   |   |

| | | | | |
|---|---|---|---|---|
| | Arias' Answers to Defendants' Interrogatories | | | |
| O | Jeffrey M. Greenberg's Paystubs & Receipts | P0677-P0708, P0710-P0712 | | |
| P | Plaintiff Vic Rivera's Response to Defendants' Request for Production of Documents | N/A | | |
| Q | Plaintiff Vic Rivera's Answers to Defendants' Interrogatories | N/A | | |
| R | Robert Marrano's Resume | P0865 | | |
| S | Weekly Clock-in Report(NYC) | 6013UJ-6014UJ,6070UJ 6072UJ,6115UJ,6126UJ,6145 UJ,6154UJ-6156UJ,6173UJ | | |
| T | Ticket Report | P0866-P0868 | | |
| U | Plaintiff Robert Marrano's Answers to Defendants' Interrogatories | N/A | | |
| V | 34th Street Employee Gross to Net | 1541UJ-1542UJ,1545UJ,1552UJ,1554UJ | | |

**Depositions to be Offered Into Evidence**

By Plaintiffs:   William J. Degel; Thomas Carpenter; Uncle Jack's Steakhouse Midtown.

By Defendants:   Abelardo Arias, William Corcoran, Jeffrey Greenberg, Robert Marrano, Victor Rivera,  Michael Overton

**11. Experts to be called at trial and brief summary of the testimony of each expert.**

None.

**12. Trial Counsel.**

| | |
|---|---|
| Paul P. Rooney, Esq | Robert J. Valli, Jr. Esq. |
| Amanda M. Fugazy, Esq. | Sara Wyn Kane, Esq. |
| Sheryl L. Maltz, Esq. | Valli, Kane & Vagnini LLP |
| Fugazy & Rooney LLP | 600 Old Country Road, Suite 519 |
| 437 Madison Avenue, 35th Floor | Garden City, New York 11530 |
| New York, New York 10022 | (516) 203-7180 (tel.) |
| (212) 346-0570 (tel.) | (516) 706-0248 (fax) |
| (484) 805-7022 (fax) | |

*Trial Counsel for Plaintiffs and Class Members*

*Trial Counsel for Defendants Uncle Jack's Steakhouse, Inc., Uncle Jack's of Bayside, Inc., Uncle Jack's Steakhouse Midtown, Inc., William J. Degel and Thomas Carpenter*

Edward V. Filardi, Esq.
Skadden Arps Slate Meagher & Flom LLP
Four Times Square
New York, New York 10036
(212) 735-3060 (tel.)

*Trial Counsel for Defendant*
*Dennis Borysowski*

**13. Estimate of Trial Time.**

Four to five weeks.

**14. Submit a set of all exhibits to which objections have been raised.**

Please see index and copies of exhibits filed at the same time as this Joint Pretrial

Statement.

Respectfully submitted,

| FUGAZY & ROONEY LLP | VALLI, KANE & VAGNINI LLP |
|---|---|
| By:_____/S/_____<br><br>   Paul P. Rooney, Esq.<br>   Amanda M. Fugazy, Esq.<br>   Sheryl L. Maltz, Esq.<br>   437 Madison Avenue, 35th Floor<br>   New York, New York 10022<br>   (212) 346-0570 (tel.)<br>   (484) 805-7022 (fax)<br><br>*Trial Counsel for Plaintiffs and Class Members*<br><br>Dated: July 3, 2012 | By: _____/S/_____<br><br>   Robert J. Valli, Jr. Esq.<br>   Sara Wyn Kane, Esq.<br>   600 Old Country Road, Suite 519<br>   Garden City, New York 11530<br>   (516) 203-7180 (tel.)<br>   (516) 706-0248 (fax)<br><br>*Trial Counsel for Defendants Uncle Jack's Steakhouse, Inc., Uncle Jack's of Bayside, Inc., Uncle Jack's Steakhouse Midtown, Inc., William J. Degel and Thomas Carpenter*<br><br>Dated: July 3, 2012<br><br>SKADDEN ARPS SLATE MEAGHER<br>   & FLOM LLP<br><br>By: _____/S/_____<br>   Edward K. Filardi, Esq.<br>   Skadden Arps Slate Meagher &<br>   Flom, LLP<br>   Four Times Square<br>   New York, New York 10036<br>   (212) 735-3060 (tel.)<br><br>*Trial Counsel for Defendant Dennis Borysowski*<br><br>Dated: July 3, 2012 |