UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------------X
JUAN ALONSO, ABELARDO ARIAS, JAIME LOPEZ, RON
MENIN, LUIS NARANJO, HECTOR OLVERA, PEDRO
ORTIZ, LEONARDO PRIETO, ARKADY SHTEYNBERG,      08 Civ. 7813 (DAB)
VICTOR SOLIS, ALEJANDRO TORRES, LUIS XURUC, and  ECF FILED
IVAN ZAPATA, on behalf of themselves and all others similarly
situated,

        Plaintiffs,

 -against-

UNCLE JACK'S STEAKHOUSE, INC., UNCLE JACK'S OF
BAYSIDE INC., UNCLE JACK'S STEAKHOUSE
FRANCHISE INC., UNCLE JACK'S STEAKHOUSE
MIDTOWN INC., WILLIAM J. DEGEL,THOMAS
CARPENTER, and DENNIS BOROSOWSKI,

        Defendants.
-----------------------------------------------------------------------------------X


**DEFENDANTS'MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION *IN LIMINE* SEEKING AN ORDER PRECLUDING EVIDENCE
OF AN UNSWORN LETTER FROM AN ACCOUNTANT AND TESTIMONY
REGARDING THE AMOUNT OF CREDIT CARD INTERCHARGE FEES INCURRED
BY DEFENDANT UNCLE JACK'S**


            Valli Kane & Vagnini LLP
            Attorneys for Defendants
            600 Old Country Road, Suite 519
            Garden City, New York11530
            516-203-7180

**PRELIMINARY STATEMENT**

Defendant's Uncle Jack's Steakhouse, Inc. ("UJ 34th Street"), Uncle Jack's of Bayside, Inc. ("UJ Bayside"), Uncle Jack's Steakhouse Midtown, Inc. ("UJ Midtown") (collectively "Uncle Jack's"), William J. Degel, and Thomas Carpenter (collectively with Uncle Jack's, "Defendants") respectfully submit this Memorandum of Law in Opposition to Plaintiffs' Motion *in Limine* and seek an order by this Court to allow into evidence(1) a summary letter from UJ 34th Street's accountant; and (2) Defendant Degel's sworn testimony about the amount of credit card interchange fees incurred by Defendant Uncle Jack's. The accountant's letter must be admitted under Federal Rule of Evidence 1006 as a summary of voluminous documents produced by Defendants. Defendant Degel's sworn testimony based on his personal knowledge is admissible under Federal Rule of Evidence 602. For the reasons set forth below, both the letter and Defendant Degal's testimony based on personal knowledge are admissible and Plaintiffs' motions should be denied in whole.

**STATEMENT OF FACTS**

In the case before this Court, Plaintiffs allege that Defendants willfully violated the Fair Labor Standards Act and New York Labor Law based on several allegations including misappropriating tips at three restaurants. Specifically, Plaintiffs allege that Defendants deducted 3% from all credit card tips in order to reimburse the restaurants for credit card interchange fees. During discovery and thereafter, Defendants produced voluminous documents containing the credit card interchange fees. Among the voluminous documents produced by Defendants, documents regarding the credit card interchange fee records from October 2005 through July 2007 for the 34th Street location were produced. Defendants also produced a statement from

their accountant which summarizes the compilation of the data from these voluminous documents spanning hundreds of pages. Exhibit A to Plaintiff's Motion, Accountant's Letter.

## ARGUMENT

### I. Motions in Liminie

With respect to Motions *in Limine*, a court will only exclude evidence at this pre-trial stage that is "clearly inadmissible on all potential grounds." Board of Trustees of AFTRA Retirement Fund v. JPMorgan Chase Bank, N.A., 2012 U.S. Dist. LEXIS 6033, 1 (S.D.N.Y. 2012), quoting United States v. Ozsusamlar, 428 F. Supp. 2d 161, 164 (S.D.N.Y. 2006). Indeed, courts "considering a motion *in limine* may reserve judgment until trial, so that the motion is placed in the appropriate factual context." AFTRA Retirement Fund, 2012 U.S. Dist. LEXIS 6033, 1, quoting In re Methyl Tertiary Butyl Ether Prods. Liab. Litig., 643 F. Supp. 2d 471, 476 (S.D.N.Y. 2009). Further, a court's ruling regarding a motion *in limine* is "subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." Luce v. United States, 469 U.S. 38, 41, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). Plaintiff's motion to preclude Defendant Degel's testimony regarding the credit card interchange fees and the accountant's letter should be denied as they have failed to establish that the proferred evidence is inadmissible.

### II. The Accountant's Letter is Admissible Under Federal Rules of Evidence 1006

Defendants produced the credit card fee records in discovery. The letter from the accountant, which summarizes some of the data, reads:

> "You have requested us to calculate credit card processing fees, expressed as a percentage of Mastercard, Visa, and American Express credit card sales (volume) for Uncle Jack's Steakhouse/Manhattan for the period of August 2006 to July 2007. Our calculation showed this percentage to be 2.925%."

Exhibit A to Plaintiff's Motion, Accountant's Letter.

Contrary to Plaintiffs' assertion, the accountant's summary letter is admissible. Fed. Rules of Evidence, 1006. Federal Rule of Evidence 1006 reads, in relevant part, "the contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation." Id. The accountant's letter specifically refers to the period of data which he purports to summarize – documents which were produced to Plaintiffs by Defendants. As such, the letter from UJ 34th Street's accountant is admissible as a summary under Rule 1006.

Additionally, the accountant can testify at trial. Any dispute over the summary is a factual dispute to be attacked by the Plaintiffs via cross-examination and is not grounds to deem the summary inadmissible.

    a. *The Accountant's Letter Summarizes the Data Produced by Defendants*

Plaintiffs alleges that the documents relied upon by the accountant in creating his summary were not produced in discovery. This statement is simply inaccurate. The Accountant's letter identifies that the American Express, Visa, and Mastercard credit card fee records for Uncle Jack's Steakhouse/ Manhattan from the time period of August of 2006 through July of 2007 were reviewed and summarized. These records were in fact produced to Plaintiffs and are readily available to them to review. Indeed, in their memo in support of the current motion, Plaintiffs acknowledge that Defendants produced the credit card interchange fees for UJ 34th Street from October 2005 through July 2007. Plaintiffs' Memo in Support, p. 2.

    b. *The Accountant's Letter is Admissible Under Fed. Rule of Evidence 1006*

The summary provided by the accountant is admissible under Federal Rule of Evidence 1006. The letter from the accountant is exactly the type of summary Rule 1006 was designed to permit; the letter is submitted for the convenience of the court as the voluminous documents which contain the data summarized in this letter could not be conveniently analyzed by the trier of fact.

In applying this rule, this circuit and district has repeatedly allowed summaries to be admitted. *See e.g.* S.E.C. v. Treadway, 430 F.Supp.2d 293 (S.D.N.Y., 2006); U.S. v. Yousef, 327 F.3d 56 (C.A.2 (N.Y.), 2003); In re Bear Stearns Companies, Inc. Securities, Derivative, and ERISA Litigation, 763 F.Supp.2d 423 (S.D.N.Y., 2011). The court may consider the summary "as a compilation of data, rather than an expert report" and such a summary "does not require the Court to make any finding of fact or inquiry into" the drafter's "qualifications as an expert or his methodology." In re Bear Stearns Companies, Inc, at 582.

In S.E.C. v. Treadway, the SEC's accountant created a summary of documents which included an estimate of a total number of "round trips" taken in accordance with the Prospectus system used by the company used to determine what was considered a "round trip." S.E.C. v. Treadway, 430 F.Supp.2d 293, 322 (S.D.N.Y., 2006). Though the summary did require the S.E.C.'s accountant to analyze what was and what was not a "round trip" according to Prospectus, the court found that any dispute over the summary was a "fact dispute" and the and this dispute can be explored through cross-examination of a fact witness- the accountant. Id. This summary was held to be admissible.

Similarly, the case before this Court involves Defendants' accountant providing a summary of a large compilation of data. Id.  Like the S.E.C. accountant, Uncle Jack's accountant

provides a summary of all of the credit card fees within the specified time period to come up with an average percent. Id. In fact, in the S.E.C. case, the S.E.C. accountant had to determine what was considered a "round trip" while the Uncle Jack's accountant was simply expressing the average credit card interchange fees. Id

It would be unreasonable to expect the jury to sift through several hundred documents. In addition, as noted in the S.E.C., any dispute over the summary would be a factual dispute and the appropriate forum to challenge the factual basis of the summary is through cross-examination.

Similarly, Plaintiffs themselves seek to introduce summaries of compilations of data produced by the parties. Plaintiffs' summaries were not created by an expert but by a paralegal. Due to the voluminous nature of production, these summaries attempt to do the same that Defendants seek to do with the accountant's letter – make it easier for the Court and jury to review the data without having to cull through hundreds of pages. Should Plaintiff believe that this method is not appropriate, Plaintiffs' summaries of data should also be precluded.

### III. Defendant Degel's Sworn Testimony Pertaining to Credit Card Interchange Fees Incurred by Uncle Jacks is Admissible

Plaintiffs allege that Defendant Degel knowingly took too high of a percentage of the tips to pay credit card fees and yet, they seek to deny Defendant Degel his right to testify about his personal knowledge on this very issue. However, Defendant Degel's sworn testimony pertaining to the credit card fees incurred by Uncle Jack's is admissible under the Fed. Rules of Evidence 602. Under Rule 602, witnesses may testify to matters if there is "evidence sufficient to support a finding that the witness has personal knowledge." Fed. Rules of Evidence 602. Rule 602 also states that "evidence to prove personal knowledge may consist of the witness's own testimony."

### a. Defendant Degel's Testimony Was Based on His Personal Knowledge

Defendant Degel's testimony is admissible as it consists of information that is within his personal knowledge as required by Rule 602. In S.E.C. v. Treadway, this district allowed the CEO of a company to testify about whether his company made an exception under a policy because the CEO testified that he was "always familiar with the spirit" of the policy. S.E.C. v. Treadway, 438 F.Supp.2d 218, 225 (S.D.N.Y., 2006). The court held that the CEO did not need to know the "specific mechanics of how the policy was enforced to know what the policy was and that an exception was being made." Id. As such, the testimony was allowed under Rule 602 and the CEO was considered to have personal knowledge. Defendant Degel possesses the personal knowledge required under Rule 602 to allow this testimony to be admissible.

In their motion, Plaintiff alleges that "Defendant Degel instituted and oversaw many of the illegal schemes at the place at Uncle Jack's restaurants." Plaintiff's Memo in Support, p. 2. Although Defendants vehemently deny that there were any "illegal schemes" in place, Defendants acknowledge that Defendant Degel was involved in the company's operations. Indeed by Plaintiffs' own admission, he possesses the personal knowledge to be able to testify about his understanding of the amount of credit card interchange fees incurred by his company Uncle Jack's. Defendant Degel can testify to his involvement in the operations at Uncle Jack's and his knowledge of their everyday practices and policies.

Rule 602 allows a witness to testify to at least show that they have personal knowledge regarding the issue at hand. Opposing counsel then has the opportunity to cross examine the witness at trial which allows the jury to make the fact based determination of whether Defendant Degel possessed knowledge regarding Plaintiffs' allegations.

### b. *Defendant Degel's Testimony Is Also Admissible as a Lay Opinion Under Fed. Rule of Evidence 701*

Defendant Degel's testimony is also admissible as a lay opinion pursuant to Federal Rule of Evidence 701. Rule 701 allows for non-expert witness to testify as to their opinion where the opinion is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

In S.E.C., the court said that "to the extent that these statements can even be construed as an "opinion" rather than factual testimony, the testimony satisfies Rule 701. S.E.C., at 226. The Court held the CEO's "personal knowledge and understanding" of the policy in question was relevant to a fact in issue and so he should be able to testify. Id. The court even allowed the CEO to "testify about a policy about which he … knew so little." Id.

It is clear that Defendant Degel satisfies the criteria to testify based on his lay opinion under Rule 701. There is no requirement of specialized knowledge necessary to testify about credit card interchange fees. Defendant Degel is simply stating his opinion based on his "personal knowledge and understanding" of the credit card interchange fees from his experience as the CEO of Uncle Jack's during the relevant time period. As such, the court should allow Defendant Degel the opportunity to testify as to the amount of credit card interchange fees incurred by Uncle Jack's during the time in question.

### c. *Plaintiff's Arguments Are Contradictory*

In addition to the present Motion *in Limine*, the Plaintiffs have submitted a seperate motion attempting to persuade the court to admit evidence of a prior conviction of Defendant Degel. In Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion *in Limine* Seeking an

Order Allowing Evidence Relating to Defendant Degel's Criminal Conviction, Plaintiffs have attempted to admit a prior conviction and assert that Defendant Degel has knowledge of credit card operations.  Plaintiffs claim that Defendants *knowingly* took a higher percentage of credit card transactions than he was being charged by the credit card companies but simultaneously claim that he did not know what the credit card companies were charging him.  Based on their own motions, Plaintiffs concede that Defendant Degel possesses personal knowledge. As such, his testimony is admissible.

## CONCLUSION

The court should allow the accountant's letter to be admitted as well as Defendant Degel's testimony as to the credit card interchange fees incurred by Uncle Jack's.  For the reasons set forth above, Plaintiffs' motion should be denied in full.

Dated: Garden City, New York
      August 31, 2012

Respectfully submitted,

VALLI KANE & VAGNINI
*Attorneys for Defendants*

/s/ Robert J. Valli, Jr.
Robert J. Valli, Jr. (RV-9995)
600 Old Country Road, Suite 519
Garden City, New York 11530
(516) 203-7180