UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------------X
JUAN ALONSO, ABELARDO ARIAS, JAIME LOPEZ, RON
MENIN, LUIS NARANJO, HECTOR OLVERA, PEDRO
ORTIZ, LEONARDO PRIETO, ARKADY SHTEYNBERG,         08 Civ. 7813 (DAB)
VICTOR SOLIS, ALEJANDRO TORRES, LUIS XURUC, and    ECF FILED
IVAN ZAPATA, on behalf of themselves and all others similarly
situated,

                             Plaintiffs,

      -against-

UNCLE JACK'S STEAKHOUSE, INC., UNCLE JACK'S OF
BAYSIDE INC., UNCLE JACK'S STEAKHOUSE
FRANCHISE INC., UNCLE JACK'S STEAKHOUSE
MIDTOWN INC., WILLIAM J. DEGEL, THOMAS
CARPENTER, and DENNIS BOROSOWSKI,

                             Defendants.
-----------------------------------------------------------------------------------X

# DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* SEEKING AN ORDER ALLOWING EVIDENCE RELATING TO DEFENDANT DEGEL'S CRIMINAL CONVICTION

Valli Kane & Vagnini LLP
Attorneys for Defendants
600 Old Country Road, Suite 519
Garden City, New York 11530
516-203-7180

## PRELIMINARY STATEMENT

Defendant's Uncle Jack's Steakhouse, Inc. ("UJ 34th Street), Uncle Jack's of Bayside, Inc. ("UJ Bayside"), Uncle Jack's Steakhouse Midtown, Inc. ("UJ Midtown") (collectively "Uncle Jack's"), William J. Degel, and Thomas Carpenter (collectively with "Defendants") respectfully submit this Memorandum of Law in Opposition to Plaintiffs' Motion *in Limine* seeking an order permitting Plaintiffs' to elicit and offer at trial evidence relating to Defendant William J. Degel's prior criminal conviction for credit card fraud. The evidence is inadmissible under Federal Rules of Evidence ("FRE") 403 and 404(b); inadmissible under FRE 609(b); and is irrelevant.

## STATEMENT OF FACTS

The case before this Court alleges violations of the Fair Labor Standards Act and New York Labor Law. Plaintiffs allege that Defendants failed to pay their employees minimum wages, overtime wages, spread of hours pay, and uniform allowances. Plaintiffs also allege that Defendants misappropriated tips at their three restaurants. Plaintiffs now seek to introduce evidence regarding a prior conviction Defendant William Degel, Chairman and Chief Executive Officer of Uncle Jack's Steakhouses.

Approximately 18 years ago in 1994, Defendant Degel was convicted of one count of credit card fraud and one count of conspiracy to commit credit card fraud. USA v. Barwick, et al., 93-cr-00320 (No. 87). In Barwick, the allegations included a fraudulent scheme by which credit card purchases were processed by Jeff Barwick- not Defendant Degel. Indeed, Mr. Barwick pled guilty to processing these unauthorized credit card transactions. Defendant Degel was convicted of committing one count of credit card fraud through an alleged scheme in which Mr. Barwick processed purchases so that Defendant Degel could repay a debt. At the time of this conviction, Defendant Degel was only 24 years old and just starting his career.

Approximately 18 years later, Plaintiffs attempt to demonstrate that Defendant Degel somehow had knowledge of the credit card operations in this case because of this prior conviction. As such, they argue that in the present case, Defendant Degel must have possessed similar knowledge regarding the tip credits since he was convicted of the aforementioned counts approximately 18 years ago. Indeed, Plaintiffs attempt to offer this conviction as evidence to somehow argue that Defendant Degel had to propensity to commit fraud. This proffered evidence is irrelevant and inadmissible.

## LEGAL ARGUMENT

I. **Evidence of Defendant Degel's Prior Criminal Conviction Is Inadmissible Under the Federal Rules of Evidence 404(b) and 403.**

Evidence of Defendant William Degel's prior conviction for credit card fraud is inadmissible under Federal Rules of Evidence 404(b) and 403 to prove intent and knowledge. This is a mere smokescreen to get in this evidence attempting to show Defendant Degel's propensity to commit such acts. This evidence is inadmissible to show any intent and knowledge in the current case. If the court deems it is relevant, the risk of prejudice far outweighs any probative value. No jury instruction could repair the damage to Defendants if this highly prejudicial evidence is admitted.

While Federal Rule of Evidence 404(b) generally prohibits evidence of past acts to be admitted to show propensity, in <u>Huddleston v. United States</u> the Court laid out a four-part test for when such evidence is admissible:

> (a) the evidence must be introduced for a proper purpose, such as proof of knowledge or identity;
> (b) the offered evidence must be relevant to an issue in the case pursuant to Rule 402, as enforced through Rule 104(b);
> (c) the evidence must satisfy the probative-prejudice balancing test of Rule 403; and

> (d) if the evidence of other acts is admitted, the district court must, if requested, provide a limiting instruction for the jury.

Carofino v. Forester, 450 F.Supp.2d 257, 272 (S.D.N.Y., 2006) (citing Huddleston v. United States, 485 U.S. 681 (U.S. 1988)).

### a. Evidence is Irrelevant

Plaintiff attempts to use this evidence to show knowledge and intent. However, though this may be a proper purpose under the Federal Rules of Evidence, any knowledge and intent that Defendant Degel could have gained from the prior eighteen year old conviction is completely irrelevant.

Under Federal Rule of Evidence 401, "relevant evidence" is evidence having any "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than is would be without the evidence." Federal Rules of Evidence 401. Under Rule 402, relevant evidence is admissible and irrelevant evidence is inadmissible. In applying relevance rules, this district has excluded evidence of Defendant's prior criminal convictions where the prior criminal convictions have little to no probative value in a subsequent civil case. Sullivan v. Newburgh Enlarged School Dist., 281 F.Supp.2d 689, 710 (S.D.N.Y., 2003).

The second circuit has taken an inclusionary approach meaning such evidence "is admissible for any purpose other than to show the defendant's criminal propensity." U.S. v. Paulino, 445 F.3d 211, 221 (C.A.2 (N.Y.),2006) (citing U.S. v. Pitre, 960 F.2d 1112, 1118 (C.A.2 (N.Y.),1992). In this case, Plaintiffs attempt to establish that Defendant Degel's prior conviction for credit card fraud is relevant for intent and past knowledge. *See* Plaintiffs'

Memo in Support, p. 1. However, this is without merit as Defendant Degel's prior conviction in an 18 year old case does not establish the intent or knowledge in the instant unrelated action.

This district has held that if the proponent of the evidence cannot "identify a similarity or some connection between the prior and current acts, than evidence of the prior act is not relevant to show knowledge and intent." U.S. v. Garcia, 291 F.3d 127, 137 (C.A.2 (N.Y.), 2002). Not only must the proponent demonstrate some sort of connection, the proponent must "identify a similarity or connection between the two acts that makes the prior act relevant to establishing knowledge of the current act." Id. No such connection is present in the current case.

   i. *Proffered Evidence Does Not Show Intent*

The prior conviction of Defendant Degel alleges that he accepted money as part of a fraudulent scheme where credit card purchases were processed by Jeff Barwick, another defendant in the prior conviction case. This prior case has *no* similarly to the present wage and hour action nor does it have any relevance or show intent regarding the credit card interchange fees in this case.

Similarly, at the time of this prior case, Defendant Degel was 24 years old. At the present time Defendant Degel is 42 years old and the CEO and shareholder of multiple restaurants. Any alleged intent or motive from eighteen years ago in a separate, unrelated case is completely irrelevant to the current case before this Court. As such, it cannot be said that Defendant Degel's intent was the same today as it allegedly was in the past. Plaintiffs have failed to identify any relevant similarity in the two cases to demonstrate that this prior conviction should be admissible.

>   *ii. Proffered Evidence Shows No Connection as to Defendant Degel's Alleged Knowledge of Credit Card Operations*

In the prior case, Defendant Degel was convicted of committing credit card fraud through a scheme in which another Defendant in that case, Jeff Barwick, allegedly "processed fraudulent credit-card purchases so that William Degel could repay a debt he owed" to a man named Louis Ferrante. Additionally, a guilty plea by Mr. Barwick in that case demonstrates that he was the one who processed the credit card transactions. Mr. Barwick possessed the knowledge relating to the "credit card operations." Again, Plaintiff fails to establish that this prior case has any bearing on what personal knowledge Defendant Degel possesses in this case. Indeed, the prior conviction is being used as a tool to somehow confuse a jury into believing that Defendant Degel has the propensity to commit this unrelated act. As such, any assertion that Defendant Degel's prior conviction establishes that he has "knowledge of how credit cards operate" is without merit. This prior conviction is unrelated and therefore, irrelevant.

This district requires that a connection between the two matters must be shown. <u>U.S. v. Garcia</u>, 291 F.3d 127 (C.A.2 (N.Y.), 2002). Plaintiffs have failed to demonstrate any link between the prior conviction and this case and thus, evidence of the prior conviction must be ruled inadmissible. The Court should not allow Plaintiffs to get this evidence admitted through the smokescreen that the prior conviction somehow shows knowledge and intent when it is simply an effort to show Defendant Degel's alleged propensity.

   b. <u>The Evidence is More Prejudicial Than Probative Under Rule 403</u>

Should the Court believe the prior conviction is somehow relevant, the prior conviction should be excluded as it places an unfair prejudice on Defendants and will mislead the jury. The risk of prejudice is incredibly high as it will confuse the jury into believing that the Defendant

has the propensity to perform bad acts. As discussed above, propensity evidence is not admissible to show conformity with a certain character trait.

Federal Rule of Evidence 403 states that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.…"  Federal Rule of Evidence 403.  Evidence of the prior conviction presents the dangers which rule 403 was meant to protect against. Admitting this evidence would cause unfair prejudice to Defendants and is likely to cause confusion and mislead the jury.

In applying Rule 403, the highest court in this circuit has held that even after the first two prongs of the Huddleston requirement are met, "the court is then required to consider the third prong and decide whether the probative value of the prior crimes is substantially outweighed by the danger of unfair prejudice." U.S. v. McCallum, 584 F.3d 471, 476 (C.A.2 (N.Y.), 2009). In Old Chief v. United States, the Supreme Court defined "unfair prejudice" as "an undue tendency to suggest decision on an improper basis," Old Chief v. United States, 519 U.S. 172, 180 (1997). It pointed out that to allow such evidence will confuse a jury into "generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the later bad act." McCallum at 476.

Because both the prior conviction and current allegations involve issues relating to credit cards, it will mislead the jury into believing that because a prior conviction of a credit card infraction in the past, he is guilty of the current allegations.  To allow such evidence would deny Defendants right to a fair trial. This is exactly the danger the Supreme Court provides a safeguard against in Old Chief and what Fed. Rule of Evidence 403 was designed to protect against. As such, evidence of the prior conviction is inadmissible.

    **II.**    **Evidence of Defendant Degel's Criminal Conviction For Credit Card Fraud is Not Admissible For Impeachment Purposes**

Evidence of Defendant Degel's Criminal Conviction for credit card fraud is inadmissible under Fed. R. Evid. 609 as its probative value does not substantially outweigh its prejudicial effect. Under Federal Rule of Evidence 609(b) there is a time bar precluding evidence of convictions over ten (10) years old unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs the prejudicial effect. Courts in this district have established that "under evidence rules governing conviction used to attack witness' credibility, convictions over ten years old could be admitted only very rarely and in exceptional circumstances." Zinman v. Black & Decker (U.S.), Inc. 983 F.2d 431 (C.A.2(N.Y.) 1993). This district has also laid out factors to consider in such circumstances. Daniels v. Loizzo 986 F.Supp. 245 (S.D.N.Y.,1997) (holding that "court must consider nature, age, and severity of crime and its relevance to witness's credibility, importance of credibility in the case, availability of other means to impeach witness, and whether witness has mended his ways or engaged in similar conduct recently." Fed. Rules Evid. 609(b). In evaluating the prior conviction under the Daniels factors, evidence of the prior conviction is clearly inadmissible.

    **a.**    **Probative Value Does Not Substantially Outweigh Prejudicial Effect**

As Plaintiff acknowledges, because Defendant Degel's conviction is more than ten (10) years old, it may only be used to attack Defendant Degel's credibility if its probative value substantially outweighs its prejudicial effect. Fed. R. Evid. 609(b). *See* Plaintiffs Memo in Support, p. 2. Because courts in this district have repeatedly recognized that the ten (10) year time bar should only be bypassed where there are exceptional circumstances, the conviction in question should not be admissible because it has no probative value. Should the Court determine

it has some probative value, it is outweighed by the prejudicial effect. Daniels v. Loizzo 986 F.Supp. 245 (S.D.N.Y., 1997)

This circuit has held that "Similarity of past and present offenses weighs heavily against the use of prior criminal convictions for impeachment purposes." Jean-Laurent v. Hennessy, 2011 WL 6945679 (E.D.N.Y., 2011). The court in this case noted that where the similarity of the offenses could confuse or mislead the jury into believing the Defendant is guilty because he has the propensity for the conduct in question, the evidence should be inadmissible. Id.

Defendant Degel's prior conviction and the acts in the case at hand both involve credit cards but are separate and unique situations. The jury would easily be confused causing any evidence of the conviction to be highly prejudicial to the Defendant. The jury will be very likely to conclude that because Defendant Degel was convicted of credit card fraud eighteen years ago, he is likely to have acted in a similar manner in this case. Instead, the jury will be confused into believing that Defendant Degel has the propensity to commit such acts.

### b. Prior Conviction was Long Ago and Defendant Degel Has Mended His Ways

In Daniels, this district held that "whether witness has mended his ways or engaged in similar conduct recently" was important in assessing whether past conviction could be used to impeach a witness. Daniels v. Loizzo 986 F.Supp. 245 (S.D.N.Y., 1997). The substantial time gap between the current allegations and the prior conviction, along with the fact that Defendant Degel has not faced any charges since that time demonstrates that the evidence should not be admitted. For this reason it is clear that the prior conviction has no bearing on Defendant Degel's current credibility and the evidence should not be admissible to impeach Defendant Degel.

**CONCLUSION**

For the reasons set forth above, Plaintiffs' motion should be denied in full.

Dated: Garden City, New York
August 31, 2012

                                            Respectfully submitted,

                                            VALLI KANE & VAGNINI
                                            *Attorneys for Defendants*

                                            /s/ Robert J. Valli, Jr.
                                            Robert J. Valli, Jr. (RV-9995)
                                            600 Old Country Road, Suite 519
                                            Garden City, New York 11530
                                            (516) 203-7180