UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------------X

JUAN ALONSO, ABELARDO ARIAS, JAIME LOPEZ, RON MENIN, LUIS NARANJO, HECTOR OLVERA, PEDRO ORTIZ, LEONARDO PRIETO, ARKADY SHTEYNBERG, VICTOR SOLIS, ALEJANDRO TORRES, LUIS XURUC, and IVAN ZAPATA, on behalf of themselves and all others similarly situated,

                            Plaintiffs,

        -against-

UNCLE JACK'S STEAKHOUSE, INC., UNCLE JACK'S OF BAYSIDE INC., UNCLE JACK'S STEAKHOUSE FRANCHISE INC., UNCLE JACK'S STEAKHOUSE MIDTOWN INC., WILLIAM J. DEGEL, THOMAS CARPENTER, and DENNIS BOROSOWSKI,

                            Defendants.

08 Civ. 7813 (DAB)
ECF FILED

----------------------------------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* SEEKING AN ORDER PRECLUDING EVIDENCE OF PLAINTIFFS' OTHER LAWSUITS AGAINST DEFENDANTS

Valli Kane & Vagnini LLP
Attorneys for Defendants
600 Old Country Road, Suite 519
Garden City, New York 11530
516-203-7180

**PRELIMINARY STATEMENT**

Plaintiffs seek an order precluding Uncle Jack's Steakhouse, Inc., Uncle Jack's of Bayside, Inc., Uncle Jack's Steakhouse Midtown, Inc., William J. Degel, and Thomas Carpenter (collectively "Defendants") from "eliciting or offering at trial any evidence, testimony, or information that touches upon, goes to, or involves other lawsuits Plaintiffs filed against Defendants, including, but not limited to, the disposition of those matters." *See* Memorandum of Law in Support of Plaintiffs'Motion *in Limine* Seeking an Order Precluding Evidence Relating to Plaintiffs' Other Lawsuits Against Defendants. ("Plaintiffs' Memo in Support") Defendants respectfully submit this Memorandum of Law in opposition to Plaintiffs' Motion *in limine* seeking this order. Defendants submit that under the Federal Rules of Evidence, this evidence is admissible and will not cause undue prejudice and is highly relevant multiple purposes.

**LEGAL STANDARD**

With respect to Motions *in Limine*, a court will only exclude evidence at this pre-trial stage that is "clearly inadmissible on all potential grounds." Board of Trustees of AFTRA Retirement Fund v. JPMorgan Chase Bank, N.A., 2012 U.S. Dist. LEXIS 6033, 1 (S.D.N.Y. 2012), quoting United States v. Ozsusamlar, 428 F. Supp. 2d 161, 164 (S.D.N.Y. 2006).  Indeed, courts "considering a motion *in limine* may reserve judgment until trial, so that the motion is placed in the appropriate factual context." AFTRA Retirement Fund, 2012 U.S. Dist. LEXIS 6033, 1, quoting In re Methyl Tertiary Butyl Ether Prods.Liab.Litig., 643 F. Supp. 2d 471, 476 (S.D.N.Y. 2009). Further, a court's ruling regarding a motion *in limine* is "subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." Luce v. United States, 469 U.S. 38, 41, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984).

2

**ARGUMENT**

**A. Defendants Should Be Permitted To Introduce Evidence And/Or Question Witnesses About Matters Related To Plaintiffs' Other Lawsuits Against Defendant As They Are Relevant To Show Bias**

Federal Rule of Evidence 404 (b) stipulates that character evidence may not be used to show "that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404 (b). As rule 404 (b) applies to the present issue, "[T]he Second Circuit is clear that under Rule 404 (b) of the Federal Rules of evidence, evidence of prior litigation cannot be admitted solely for the purpose of proving that a plaintiff has a character trait for litigiousness and acted in conformity with that trait in the present lawsuit." Greenfield v. City of New York, 99 CIV. 2330 (AJP), 2000 WL 124992 (S.D.N.Y. Feb. 3, 2000).

However, the Second Circuit is also clear that such evidence may be admitted for other purposes. *See, e.g.*, Jean-Laurent v. Hennessy, 840 F.Supp.2d 529 (E.D.N.Y., 2011) (holding that while evidence of prior lawsuits was not admissible "for the purpose of demonstrating that a plaintiff is a "chronic litigant"… such evidence may be admissible if offered for a different purpose."). One such proper purpose is attacking credibility through impeachment. Outley v. City of New York, 837 F.2d 587, 594 (2d Cir. 1988) (While discussing the admissibility of prior lawsuits, the court held "Impeachment has been recognized as one of the "other purposes" for which evidence of prior acts may be admissible.").

The credibility of a witness is always relevant to the case. *See* United States v. Quattrone, 441 F.3d 153, 185 (2d Cir.2006) (holding that evidence was relevant under Rule 401 because it addressed the credibility of the witness). Potential bias of a party or witness is always relevant to their credibility. *See, e.g.*, Outley v. City of New York, 837 F.2d 587, 594 (2d Cir. 1988) (holding that "a partiality of mind is ... always relevant as discrediting the witness and affecting

3

the weight of his testimony."); United States v. Abel, 469 U.S. 45 (1984) (holding that "it is permissible to impeach a witness by showing his bias under the Rules."); U.S. v. Figueroa, 548 F.3d 222, 229 (C.A.2 (N.Y.),2008)("impeachment for bias is admissible under Rule 402."). Because bias is relevant to credibility and credibility is always relevant, any evidence that is probative of a witness's bias is relevant to the case.

In the present case, evidence of the prior lawsuits will not be offered to show that the Plaintiffs are "chronic litigants" but rather to impeach by showing the bias they have against Defendants. In the other lawsuits, Plaintiffs' allegations include that Defendants defrauded them and discriminated against them. Someone who feels they have been discriminated against will naturally dislike the party they allege committed the discriminatory acts. The allegations of mistreatment are certainly probative that the Plaintiffs may be biased against the Defendants. As such, evidence of the other lawsuits should be admissible to impeach any Plaintiff who is involved in another one of the lawsuits (including William Black, Jeffrey Greenberg, Michael Overton, Brian Beale, and Luis Naranjo) should those plaintiffs testify or submit a statement in any form at trial.

### B. The Probative Value of the Lawsuits With Respect to Bias Far Outweighs Any Potential For Prejudice or Confusion

Under Federal Rule of Evidence 403, the court may exclude relevant evidence where the probative value of the evidence is substantially outweighed by the danger of, among other things, unfair prejudice and confusion of the jury. Fed. R. Evid. 403. Plaintiffs argue that the evidence is prejudicial because it has the tendency to show that the Plaintiffs are "chronic litigants," which is impermissible character evidence and this will prejudice and confuse the jury. *See* Plaintiffs' Memorandum of Law, p. 3.

The presence of the other litigation shows the contentious and unpleasant relationship between some of the Plaintiffs and some of the Defendants and is therefore relevant to show they are likely biased against the Defendants. The probative value of the evidence showing a high likelihood of bias far outweighs the small probability of prejudice and confusion from introducing this evidence.

Similarly, there are tools available to limit any potential confusion. A limiting instruction is an accepted tool to curtail such concerns. U.S. v. Figueroa, 618 F.2d 934, 943 (C.A.N.Y., 1980) ("In assessing the risk of prejudice against the defendant, the trial court should carefully consider the likely effectiveness of a cautionary instruction that tries to limit the jury's consideration of the evidence to the purpose for which it is admissible. Whatever the criticism of such instructions, they remain an accepted part of our present trial system.") As such, the evidence concerning the other lawsuits should be deemed admissible.

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion should be denied in full.

Dated: Garden City, New York
August 31, 2012

Respectfully submitted,

VALLI KANE & VAGNINI
*Attorneys for Defendants*

/s/ Robert J. Valli, Jr.
Robert J. Valli, Jr. (RV-9995)
600 Old Country Road, Suite 519
Garden City, New York 11530
(516) 203-7180

5