UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

JUAN ALONSO, ABELARDO ARIAS, JAIME LOPEZ, RON MENIN, LUIS NARANJO, HECTOR OLVERA, PEDRO ORTIZ, LEONARDO PRIETO, ARKADY SHTEYNBERG, VICTOR SOLIS, ALEJANDRO TORRES, LUIS XURUC, and IVAN ZAPATA, on behalf of themselves and all others similarly situated,

                  Plaintiffs,

-against-

UNCLE JACK'S STEAKHOUSE, INC., UNCLE JACK'S OF BAYSIDE, INC., UNCLE JACK'S STEAKHOUSE FRANCHISE, INC., UNCLE JACK'S STEAKHOUSE MIDTOWN, INC., WILLIAM J. DEGEL, THOMAS CARPENTER, AND DENNIS BOROSOWSKI,

                  Defendants.
-------------------------------------------------------------------------X

08 Civ. 7813 (LAP)

**ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FLSA SETTLEMENT**

IT IS HEREBY ORDERED THAT: Plaintiffs' motion for final approval of a class action settlement under Rule 23 of the Federal Rules of Civil Procedure, and a collective action settlement under The Fair Labor Standards Act, 29 U.S.C. 216(b), in the total amount of $900,000.00 (Doc. No. 243) is GRANTED; Plaintiffs' motion for service fee awards (Doc. No. 249) is GRANTED; and Plaintiffs' motion for attorneys' fees and expenses (Doc No. 246) is GRANTED as described below.

IT IS FURTHER ORDERED THAT:

1. The "Effective Date" of the settlement shall be the date of the Court's final Order if no party appeals it. If a party appeals the Order, the "Effective Date" of the settlement shall be the day after all appeals are finally resolved.

2. This Order shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

3. The parties' Settlement provides for Defendant to pay the settlement in installments: (a) $500,000.00 no later than 30 calendar days after the Effective date; and (b) four payments of $100,000 each to be paid the earlier of every 90 days thereafter or January 30, 2014, April 30, 2014, July 30, 2014, and October 30, 2014.  Accordingly, Defendant shall deposit: (a) $700,000 into the settlement fund no later than 30 days after the Effective Date; (b) an additional $100,000 on or before July 30, 2014; and (c) an additional $100,000 on or before October 30, 2014.

4. The Claims Administrator shall make distributions from the fund to the members of the class and collective in accordance with the Settlement Agreement.

5. The claim of objector Brian Beale shall be paid in accordance with dates of work shown in the records he submitted with his objection (Doc. No. 242). Specifically, the Claims Administrator will use the following dates of employment to calculate his share of the Fund: Jan. 1, 2006 – May 31, 2006; Oct. 1, 2006 – Apr. 30, 2008; Oct. 13, 2008 until June 30, 2010.

6. Fugazy & Rooney LLP ("Fugazy & Rooney") shall be paid its expenses of $12,188.21 from the Settlement Fund within ten days after the Effective Date.

7. The Claims Administrator shall receive a fee for its services of up to $25,000, which shall be paid from the Settlement Fund as the fees come due.

8. Fugazy & Rooney shall receive a fee of 25% (twenty-five percent) of the Settlement Fund ($225,000) and shall be paid its fees on a pro-rated basis as the settlement funds are paid into the Settlement Fund.

9. All service fees and awards approved in the amounts set forth in Plaintiffs' motion to approve service fees. (Doc Nos. 249, 250 and 251).

10. The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement and overseeing the distribution of settlement funds.

11. Upon the Effective Date, this litigation shall be DISMISSED WITH PREJUDICE, and all Settlement Class Members who have not excluded themselves from the settlement or who have opted in to the lawsuit shall be permanently enjoined from pursuing and/or seeking to reopen claims that have been released pursuant to the settlement.

IT IS HEREBY SO ORDERED THIS 22nd DAY OF MAY, 2014.

*Loretta A. Preska*

HON. LORETTA A. PRESKA
CHIEF UNITED STATES DISTRICT JUDGE